## WESTERN DISTRICT, PITTSBURG, 1851.

# Hipple *versus* Canal Boat Fashion.*

Canal boats are included among the vessels upon which, by the act of 13th June, 1836, a lien is given for work and materials used in their construction or repair.

ERROR to Common Pleas of *Beaver County*.

*Cunningham*, for the plaintiff in error.

*Fetterman*, contra.

The opinion of the court was delivered October 6, 1851, at Pittsburg, by

COULTER, J.—It is contended that this court is always mischievously employed when it is engaged in extending secret

---

* See *Parkinson v. Manny*, 2 Grant's Cases, 521.

liens. And this was said in reference to the common case of mechanics' lien and the liens of material men, to which this case was much likened in the argument; and there is a strong resemblance and apparent affinity. But that argument all hangs on the word extending. We are not disposed to extend the statute which embraces this or any other object. Our business is to give it a fair interpretation according to the rules established for the construction of statutes. The first of which is to follow the language employed by the lawgiver, when it can be done without violating the rules of common sense, or importing direct absurdity. The lien is given by the statute upon ships and vessels of all kinds, built, repaired, or fitted *within this* Commonwealth.

The third section of the act provides that the lien for work done and materials furnished shall exist in favor of the following class of tradesmen, to wit: *Boat-builders*, &c. &c. Now this lien is to exist throughout the Commonwealth. But ships for sea are built only in the neighborhood of Philadelphia, perhaps in Philadelphia and Delaware counties alone. When this law, therefore, was made operative everywhere in this Commonwealth, we naturally incline to think that it extends to that business which its terms cover, and which does exist throughout the State. When, therefore, the legislature said that boat-builders should have this lien, it is fair to presume that they meant for building a boat. It is said, to be sure, that ships have boats, but that would only show that the lawgiver intended to embrace something beyond a ship. For one person might build the ship and another the boats. The first act on the subject was in 1784, when the business and commerce of the State was hardly in embryo or a chrysalis state. It indicated its object by its title, "In building or fitting ships or vessels for sea." But since that time a change has come over the aspect of society, of business, and of enterprise. The title of the act indicates nothing like an intent to confine the lien to vessels *for sea*. And why should it? Vast amounts of lumber, of labor, of materials and industry are put into canal boats, and why should not the mechanics who erect them be made secure for their labor, skill, and materials, as well as those who worked for sea vessels. But I have often heard of sea boats, and many of them skim along the coast harbors and bays. The definition of the vessel meant by the statute, is more fanciful than real, to wit: Vessels propelled by wind or steam, because such navigate the ocean. But by that rule the ships with which Themistocles conquered the Persians would lose their character, for they were propelled by oars, although they navigated the sea and were propelled by oars. But we have sail boats propelled by wind, some of which go to sea, and

[Warden et al. *v.* Eichbaum.]

some flit along rivers and bays. The words ships and vessels *of all kinds* built within this Commonwealth, are large enough to include canal boats, and, when taken in connection with the express words that the lien shall extend to boat-builders, seem to leave no room to doubt the intent of the legislature. The circumstance that the act provides that the lien shall continue during the time between the construction of the work and the period when the ship or vessel shall proceed on her voyage next after the work is done, is of no moment, not being words which give the lien, but only limit its continuance. But I consider the provision of no account except as to limit the lien. If it had been, shall proceed on her first voyage *to sea*, it might have been of some weight. But a voyage, although it often means a journey by sea, does not always, or even generally. It means a course or way, and is often used of a steamboat on her trip to New Orleans, Cincinnati, or St. Louis. So it is often employed by hands on a canal boat to indicate the first or any other trip of the vessel; but the legislature have used terms so entirely comprehensive in giving the lien that we cannot exclude a class so numerous and meritorious from its advantages.

<div align="center">

Judgment reversed, the attachment restored, and *procedendo* awarded.