SAMUEL LOUIS AND CHARLES H. LOUIS, PARTNERS, &c., AS SAMUEL LOUIS & SON, v. PAUL KASKEL ET AL.

1. In an action on an insolvent bond, the declaration assigned as a breach of the condition that the statutory notice of the time and place at which the debtor would present to the pleas his application for discharge had not been given to the plaintiffs. *Held,* on demurrer, that this matter could not be called in question collaterally, and that it constituted no breach of the bond.

2. The *gravamen* of the second count of the declaration was that the debtor had failed to appear in person at every term of the Court of Common Pleas subsequent to that at which he applied for his discharge.

*Held,* that the refusal of the court to grant his discharge upon his application was a virtual commitment to custody, and that the failure of the plaintiff to allege in his declaration facts to rebut the presumption thence arising was fatal to his cause of action.

In contract. On demurrer to declaration.

Argued at November Term, 1888, before BEASLEY, CHIEF JUSTICE, and Justices VAN SYCKEL, KNAPP and GARRISON.

For the demurrants, *Robert Adrain.*

For the plaintiffs, *James S. Wight.*

The opinion of the court was delivered by

GARRISON, J. This is an action on an insolvent bond. The condition is, that the defendant shall appear before the next Court of Common Pleas to be holden in the county aforesaid and petition said court for the benefit of the insolvent laws of this state, and shall in all things comply with the requirements of the said insolvent laws, and shall appear in person at every subsequent court until he shall be duly discharged as an insolvent debtor, and if refused a discharge, surrender himself immediately thereafter to the sheriff or keeper of the jail of said county, there to remain until discharged by due course of law.

The declaration contains two counts, to each of which the defendants have demurred.

The first count is clearly faulty. The specific allegation therein stated as constituting a breach of the condition is that the debtor, at the time of his appearance before the Court of Common Pleas, did not cause notice thereof in writing to be served upon the plaintiff at least thirty days prior thereto, as provided by the statute in question.

This statutory provision is obviously one without which the pleas could not properly exercise jurisdiction to discharge the debtor.

The remedy for such an omission is by a direct attack upon the judgment into which the infirmity entered. It is a matter of statutory practice, and as such can be corrected only by the court itself, or by an appellate tribunal. If the debtor, upon an application without due notice, obtained a judgment granting his discharge, the proper method is to remove the record by *certiorari* into this court, in order that it may be directly assailed. In no event can such a judgment be collaterally questioned. To require an issue to be joined upon this point in the present suit would be to countenance such collateral attack.

The second count purports to set forth a substantial breach of the condition of the bond. It states that the defendant appeared before the Court of Common Pleas at its then next term and duly petitioned the said court for the benefits of the insolvent laws of this state, but that the defendant did not appear in person at every subsequent court, and that he has not been duly discharged.

The *gravamen* is, that the defendant failed to appear at every subsequent term of said court, and the plaintiff must, in his pleading, so state the breach of the condition of defendant's bond as clearly to show the necessity of the defendant's appearance at some subsequent term of said court within the spirit and meaning of said bond.

No breach is assigned as for the debtor's failure to surrender himself, nor is it stated whether, as a fact, his application was refused.

By the condition of the bond, which follows the language of the statute, the appearance of the debtor at every term of the Court of Common Pleas subsequent to that at which he made his first application for discharge is rendered unnecessary in either of two events—his due discharge by the court upon his said application, or his immediate surrender of himself upon the failure of the court so to discharge him.

The pleader in the present instance has set forth that the debtor made the requisite application to the court, and that he has not been discharged, but he has failed to state any facts

from which we are at liberty to infer either that the matter was continued by the court from term to term, or that the debtor, in disregard of his obligation, failed immediately to surrender himself upon the refusal of the court to order his discharge—if, in point of fact, they did so refuse. The necessity for a direct and positive averment upon this latter point will be made apparent by a reference to adjudications as to the effect of the court's failure to grant the debtor his discharge upon his formal application.

*Woodruff* v. *Barrett,* 3 *Gr.* 40, was an action against the sheriff for an escape. One Stevens had given, as an insolvent debtor, the bond provided for by the act; he afterward applied for the benefits of the insolvent laws, and the court, while refusing to grant his discharge, did not remand the debtor or make any order in the premises. Thereupon Stevens surrendered himself to the sheriff. Afterwards he was permitted by the sheriff to be at large. For this escape the action in suit was brought. The question before the Supreme Court was whether, in the absence of any order of the Court of Common Pleas, the debtor, whose discharge had been refused, was regularly in custody of the sheriff, so that his being at large was an escape. Chief Justice Hornblower, delivering the opinion of the court, said: " The refusal of the court (of Common Pleas) to discharge the defendant is a virtual commitment."

Following this was the case of *Voorhees* v. *Thorn,* 1 *Zab.* 77, which was an action on an insolvent bond, the breach alleged being the failure of the debtor to surrender himself after the Court of Common Pleas had been unable to reach an affirmative judgment on his application because the court was equally divided in opinion. Chief Justice Green, considering the same question as that presented in the last cited case, said: "The failure of the court to discharge the debtor is tantamount to a refusal to discharge;" quoting, likewise, with approval, the language of Hornblower, C. J., that such a refusal is a virtual commitment.

This latter case is cited with approval in *Race* v. *Dehart,* 4

*Zab.* 37, and is followed by the court in *Steelman* v. *Mattix*, 9 *Vroom* 252.

Such being the legal effect of the refusal or failure of the Court of Common Pleas to grant the debtor his discharge, the presumption, in the absence of any allegation to the contrary, will be that the debtor is in custody under the virtual commitment arising from such refusal.

With this presumption unremoved, the *gravamen* in the present case is devoid of legal significance, since no action upon an insolvent bond is consistent with the presumption of the debtor's failure to obtain his discharge and consequent commitment to custody.

For failure, therefore, to state the facts from which it may appear that the debtor is still under the obligation to appear at every subsequent term of the court which refused his discharge, the demurrer will be sustained, with costs.