JOHN H. C. JENNINGS v. BARZILLAI L. THOMPSON.

1. An officer justifies under his writ, and the efficacy of his defence depends upon the validity of the writ and the jurisdiction of the court to award the process, and not upon the regularity of the proceeding in which the writ was issued.

2. If the court, out of which the writ issued, has, by its constitution and fundamental law, jurisdiction—that is, power to take cognizance of and determine such a cause of action as that in which the process was awarded—and authority of law to issue process of that nature, either generally or in particular cases, and the writ be regular on its face, the writ itself will be a full justification for acts done by the officer in its lawful execution. When such appears to be the process the officer is protected in its execution, and he is not concerned with any illegality that may exist back of it.

3. This doctrine applies to courts of limited as well as to courts of general jurisdiction, if the subject matter of the suit appears to be within the jurisdiction of the court.

On motion to strike out a plea.

Argued at June Term, 1891, before Justices DEPUE, DIXON and REED.

For the plaintiff, *Thomas E. French.*

For the defendant, *Charles E. Hendrickson.*

The opinion of the court was delivered by

DEPUE, J. This was an action for trespass for assault and battery in arresting and imprisoning the plaintiff. The defendant, a constable of the county of Burlington, in his plea justified under the following process:

"State of New Jersey, Burlington county, *ss.*—

"*To the sheriff or to any constable of said county:*

"Take John H. C. Jennings so that he personally be and appear before the judges of the Court of General

[L. S.]    Quarter Sessions of the Peace, holden in and for the county of Burlington, at Mount Holly, on

the 19th day of January instant, to give evidence in a certain indictment lately found in said court against John H. C. Jennings. Thereof fail not, on pain of one hundred dollars.

"Witness Charles G. Garrison, esquire, presiding justice of the said court, at Mount Holly aforesaid, the fifteenth day of January, in the year of our Lord one thousand eight hundred and ninety-one.

"CHARLES T. PARKER,<br>
"<i>Clerk.</i>

"ECKARD P. BUDD,
    "*Pros. Att'y.*"

The plea avers that the said warrant was issued out of the Court of Quarter Sessions of the Peace of the said county, signed by the clerk of the court and by the prosecutor of the pleas of said county, and duly sealed with the seal of the said court, and delivered to the defendant, who was then one of the constables of said county, in due form of law, to be executed, and that by virtue of the said warrant he did arrest and take the plaintiff into custody, &c.

The grounds on which the motion to strike out was made were—(1) That the Court of Quarter Sessions was not a court of such a jurisdiction that its process would be a protection to an officer without proof of the regularity of the proceedings on which it was issued; (2) that it appeared by the plea that when this process was issued the indictment mentioned in it had been tried and awaited the judgment of the court; (3) that the court had no power to compel the plaintiff to appear as a witness on the trial of an indictment against him; (4) that it appeared by the plea that the writ issued did not conform to the order of the court, the court having ordered process to bring the plaintiff in for sentence, whereas this writ commands that he be brought in as a witness; and (5) that the court had not power to order compulsory process for a witness until after subpœna served and default in disobeying that process.

The plea contains considerable matter not essential or appropriate to a defence by an officer under process. The officer justifies under his writ, and the efficacy of his defence depends upon the validity of the writ, and the jurisdiction of the court to award the process, and not upon the regularity of the proceeding in which the writ was issued. Hence, in approved precedents the plea avers that the writ issued out of and under the seal of the court, setting out the command of the writ particularly, with an averment that what was done by the officer was done in the execution of the process. 9 *Went. Pl.* 88, 352; 3 *Chitty Pl.* 1083, 1089. If the court, out of which the writ issued, has, by its constitution and fundamental law, jurisdiction—that is, power to take cognizance of and determine such a cause of action as that in which the process was awarded—and authority of law to issue process of that nature, either generally or in particular cases, and the writ be regular on its face, the writ itself will be a full justification for acts done by the officer in its lawful execution. When such appears to be the process the officer is protected in its execution, and he is not concerned with any illegalities that may exist back of it. *Cooley on Torts* 460; *Woodruff* v. *Barrett,* 3 *Green* 40; *Mangold* v. *Thorp,* 4 *Vroom* 134. A full collection of the cases on this subject will be found in the notes to *Savercool* v. *Boughton,* 21 *Am. Dec.* 190, 209.

In the *Countess of Rutland's Case,* 6 *Coke* 54, it was resolved "that forasmuch as a *capias* was awarded against the Countess by the Court of Common Pleas, that the sheriff or his officer by his warrant might, without any offence, execute it; for they ought not to dispute the authority of the court; * * * and although it appears in the *capias* that she was a Countess, against whom by the law no *capias* in such cases lies, * * * yet, forasmuch as in some cases, as in cases of contempt, &c., a *capias* lieth against them, it was therefore resolved that the sheriff and his officers ought not to examine the judicial act of the court, but execute the writ."

In the *Case of the Marshalsea,* 10 *Coke* 76, it was resolved that when a court has jurisdiction and proceeds *inverso ordine,*

or erroneously, no action lies against the party who sues out,. or the officer or minister of the court who executes, the precept or process of the court; and *e converso*, that when the court has not jurisdiction actions will lie without regard to the precept or process.

In *Draper* v. *Blaney*, 3 *Saund*. 193, the Court of King's Bench awarded a *fi. fa.* to the sheriff of the county of Montgomery, in Wales, on a judgment of debt recovered in that court. The sheriff made return that the county of Montgomery was one of the twelve counties in Wales where the writ of the king not touching the king himself did not run, and praying the advice of the court whether he could execute the command of the writ. On a motion to amerce the sheriff the court agreed that the sheriff ought to be amerced, " for the sheriff by his return ought not to dispute the jurisdiction of this court, of which he is an officer, as he has done here; but if the court has erroneously awarded a process which ought not to have been awarded, the sheriff ought to obey and execute it, but the party grieved may show this matter to the court and pray that they would supersede their erroneous process and so have remedy."

In *Thomas* v. *Hudson*, 14 *Mees. & W.* 353, a commissioner in bankruptcy, acting under a statute, made an order for the discharge of a defendant confined in prison under a *ca. sa.* in an action of assault and false imprisonment. The statute conferred upon commissioners in bankruptcy jurisdiction to hear petitions by a bankrupt in custody for discharge from imprisonment, and to discharge him under certain conditions. In an action against the keeper of the prison for an escape, for allowing the prisoner to go at large in compliance with the order for his discharge, the court held that whether this was or was not a debt from which the commissioner had power to discharge the prisoner, the defendant was protected,. being bound to obey the order of the commissioner, who was acting judicially in a matter over which he had jurisdiction.. Alderson, B., in pronouncing the judgment of the court, in speaking of the merits of the commissioner's decision, said :

"The decision may be wrong, but it is a decision by the proper authority, and if wrong, comes within the principle laid down in the Marshalsea case, that orders by a competent authority, though made *inverso ordine,* are a protection to those who act under them."

In *Andrews* v. *Manis et al.,* 1 *Q. B.* 2, the suit was against Manis, the clerk, and Whitham, the sergeant of the Court of Requests, which was a court held by commissioners for the trial of small causes. The act creating the court empowered the commissioners to order that the debt due the plaintiff should be paid in installments, and authorized the commissioners present in court, in case of any default in the payment of such installments, on due proof of such default, to award execution against the body of the defendant. The court, in the original order for payment in installments, directed the debt to be so paid "or execution to issue." Default having been made, the clerk issued execution without any subsequent order for execution being made by the commissioners. The court held that the execution was illegal, and that the clerk who issued it was liable to the defendant in trespass for false imprisonment, but that the action would not lie against the sergeant. Lord Denman, in pronouncing the judgment of the court, said : " The case of the defendant Whitham, however, stands on very different grounds. He is the ministerial officer of the commissioners, bound to execute their warrants, and having no means whatever of ascertaining whether they issue upon valid judgments or are otherwise sustainable or not. There would therefore be something very unreasonable in the law if it placed him in the position of being punishable by the court for disobedience, and at the same time suable by the party for obedience to the warrant. The law, however, is not so. His situation is exactly analogous to that of the sheriff in respect of process from a superior court, and it is the well known distinction between the cases of the party and of the sheriff or his officer, that the former, to justify his taking body or goods under process, must show the judgment in pleading as well as the writ ; but for the latter it is enough

to show the writ only. * * * As the subject matter of the suit was within the general jurisdiction of the commissioners, and the warrant appeared to have been regularly issued, we think Whitham was well defended by it."

The principles adjudged in the cases cited have been repeatedly adopted and acted upon in our courts. *Woodruff* v. *Barret,* 3 *Gr.* 40; *Mangold* v. *Thorpe,* 4 *Vroom* 134; *Hann* v. *Lloyd,* 21 *Id.* 1. The case last cited is a precedent directly in point in favor of the defendant. In that case an action of trespass for assault and battery and false imprisonment had been brought against a sheriff and constable. The defendants justified under compulsory process issued out of the Court of Oyer and Terminer to bring the plaintiff in to testify on the trial of an indictment. An attempt was made to show that the writ had not been ordered by the court. The Chief Justice, in disposing of that subject, said: "At all events, it was not incumbent on the ministerial officers of the court, before they executed such a writ, to ascertain that the court was actually sitting and ordered the process to be issued. Such officers are justified in acting in accordance with the face of the precept. The result, therefore, is that we have a writ, duly authenticated, coming from a court of general jurisdiction, that was vested with cognizance over the class of cases to which it appertained, placed in the hands of the proper officials for execution. It is the legal rule that under such conditions the judicial precept must be implicitly obeyed by those to whom it is thus directed. This is a principle essential to the orderly administration of the law, and the consequence is that the officers to whom the writ is addressed will not be responsible for anything necessarily or properly done in its execution. Such ministers of the law need not show the grounds on which the tribunal, in issuing the process, proceeded, for they can rely on the writ alone without the production of the judgment record on which it is presumed to rest."

This doctrine applies to courts of limited, as well as to courts of general, jurisdiction, if the subject-matter of the

suit appears to be within the jurisdiction of the court. *Saver-cool* v. *Boughton*, 5 *Wend.* (*N. Y.*) 170; *S. C.*, 21 *Am. Dec.* 181, and cases cited in the notes on page 198; *Clark* v. *May*, 2 *Gray* (*Mass.*) 410; *Mangold* v. *Thorp*, 4 *Vroom* 134.

The Court of Quarter Sessions is a court of criminal jurisdiction, having cognizance to try indictments for all criminal offences except treason and murder. From the allegations in the plea it appears that there was an indictment pending in said court then, lately found by the grand jury against the plaintiff for an assault and battery, awaiting the final judgment and sentence of the court. An indictment pending, and not finally disposed of, is a cause of which the court had jurisdiction. The process delivered to the defendant was tested in the name of the presiding judge, signed by the clerk, and sealed with the seal of the court, and commanded the officer to bring the plaintiff before the court on a certain day, "to give evidence in a certain indictment, lately found in said court against John H. C. Jennings." The process was such as the court, under certain circumstances, had power to issue, and on its face it appeared to be regular.

Compulsory process to bring in a witness may not, under the circumstances, have been warranted in law, and the court may have been without power to compel the accused to be a witness in the criminal proceedings against him. The act of the clerk in issuing compulsory process to bring the party in as a witness on the order of the court that he be brought in for sentence, may not be justifiable. With these illegalities and irregularities the defendant had no concern. An officer having process of a court of competent jurisdiction, fair upon its face, is under a duty to execute the process, and not to sit in judgment on the regularity of the proceedings upon which it was issued.

The plea contained the extraneous and irrelevant matters which invited the motion to strike out; but we think it contains sufficient averments to present substantially the defence we have considered.

The motion to strike out will be denied, but without costs.