**SCHNEIDER et al. v. KESSLER.**

No. 6261.

Circuit Court of Appeals, Third Circuit.

June 23, 1938.

For former opinion, see 89 F.2d 1001.

John J. Quinn, U. S. Atty., of Red Bank, N. J., Thorn Lord, Asst. U. S. Atty., of Trenton, N. J., and Colie and Schenck, of Newark, N. J., for appellant Fidelity & Casualty Co. of N. Y.

Donald Lewis, of Newark, N. J., for appellee.

Before BUFFINGTON, DAVIS, and BIGGS, Circuit Judges.

PER CURIAM.

This case is here on petition for reargument. In our former opinion, filed May 10, 1937, 89 F.2d 1001, we affirmed the judgment of the District Court on the ground that: "No bill of exceptions has been settled or signed by the trial judge and none is a part of the record before us". In their petition for reargument, however, the defendants-appellants have urged this court to consider the case upon the merits for the reason that an appellate court can consider "plain error on the face of the record in the absence of exceptions or a bill of exceptions, particularly where it appears that such action would not prejudice the opposite party and would tend to prevent an injustice, Nalle v. Oyster, 230 U.S. 165, 33 S.Ct. 1043, 57 L.Ed. 1439; United States v. La Franca, 282 U.S. 568, 51 S.Ct. 278, 75 L.Ed. 551; Board of County Com'rs of Denver v. Home Savings Bank, 236 U.S. 101, 35 S.Ct. 265, 59 L.Ed. 485 * * *."

Since this case was here before, the defendants have paid and settled the judgment against them in the District Court and the case, therefore, has become moot. However, as this case is of great importance to the United States Marshal in the performance of his official duties, it may be well briefly to consider the merits.

In 1929 and 1930, the Bureau of Prohibition carried on an intensive investigation into the activities of a bootleg ring operating on and along the coast of New Jersey. As a result of this investigation over 50 persons were indicted, one of whom was designated in the indictment as "Samuel Kessler, alias Samuel Cohen, alias 'Bull'". He was charged with having prepared certain order slips for the sale and delivery of large quantities of intoxicating liquor, and with being implicated in the conspiracy to violate certain provisions of the National Prohibition Act. On April 14, 1930, the same day that the indictment was handed down, the District Court issued a bench warrant directing the marshal, Frederick C. Schneider, defendant, to arrest "Samuel Kessler, alias Samuel Cohen, alias 'Bull'". On the following day, on the suggestion of Joseph A. Frayne, special agent of the Bureau of Prohibition in charge of the investigation, deputy marshal McLaughlin and two agents of the Bureau were sent to 17 Fairchild Place, Hillside, New Jersey, to arrest Samuel Kessler. They went to that address and arrested the plaintiff whose name is Samuel Kessler, and took him to the Industrial Building, 1060 Broad Street, Newark, N. J. Frayne and John Eckerline, deputy marshal and one of the defendants in this case, were there. The plaintiff was then, in the presence of Frayne, turned over to Eckerline as the person who had been indicted and for whom the warrant had been issued. Eckerline took him to jail

where he remained until he was released on bail the next morning. Some question arose as to whether or not the plaintiff was the Samuel Kessler who should have been indicted and the indictment was accordingly nolle prossed as to him.

On April 14, 1932, the plaintiff filed a complaint against the defendants claiming judgment in the sum of $20,000 for false arrest and imprisonment. The Fidelity and Casualty Company of New York was made defendant as surety on the official bond of Schneider. The case was tried to the learned District Judge without a jury. He found for the plaintiff and entered judgment in the sum of $500.

The question involved is whether or not, under the facts of this case, the defendants should have been held liable for false arrest and imprisonment.

■■ As a matter of law, if the plaintiff was the person intended in the indictment and warrant, even though he should not have been indicted, the defendants were not liable. That the arrest and imprisonment were pursuant to a valid process constitutes a defense "available to the party procuring its issuance, the judicial officer issuing it, * * * the official to whom it is addressed, and those who assist him". 25 C.J. 477. There is strong evidence, however, in this case that the plaintiff is the person intended in the indictment and warrant. At the trial Frayne testified that in the course of his investigation, a number of telephone wires were tapped and a number of conversations involving a "Samuel Kessler" were overheard; that they tapped the telephone number, Atlantic Highlands 998, over which they heard conversations with a person speaking from the Newark number, Waverly 6581; that the subscriber to that number was a "Samuel Kessler" living on 18th street or avenue; that they investigated the premises and found that "Samuel Kessler" owned a taxicab in the chain of the Twentieth Century Cab Company (the plaintiff owned such a taxicab); that they obtained a picture of "Samuel Kessler" at the Hack License Bureau of the Newark Police Department; that this picture was a picture of the plaintiff; that they learned that the plaintiff had moved to 17 Fairchild Place, Hillside, N. J., the place where he was arrested; that when he testified before the grand jury concerning the bootleg case he had in his possession the picture of the plaintiff, and that it was the plaintiff whom he had in mind when giving his testimony against "Samuel Kessler". He also testified that it was the plaintiff whom he had in mind when he suggested that McLaughlin and the two agents be sent to apprehend "Samuel Kessler" at the Hillside address; that he gave them the picture of the plaintiff "so there would be no mistake in the identity"; that they returned with the plaintiff who is "absolutely the same individual" represented by the photograph; and that he turned the plaintiff over to Eckerline and told him to take the plaintiff over to the First Precinct.

■ However, even if the plaintiff is not the "Samuel Kessler" intended in the process, the defendants should not have been held liable for arresting and imprisoning him.

When an officer, pursuant to valid process, with due diligence arrests a man bearing the same name as the one mentioned in the process, honestly believing that he is arresting the person intended, he cannot be held liable in such an action as this even though he arrested the wrong man. Inmon v. Mississippi, 5 Cir., 278 F. 23; Douglass v. Stahl, 71 Ark. 236, 72 S.W. 568; Kalish v. White, 36 Cal.App. 604, 173 P. 494; Blocker v. Clark, 126 Ga. 484, 54 S.E. 1022, 7 L.R.A., N.S., 268, 8 Ann.Cas. 31.

■ The plaintiff argues that the defendants are liable, on the ground that Eckerline did not use due diligence in ascertaining whether or not the plaintiff was the person intended in the process but merely relied upon the identification made by Frayne.

This argument can not be accepted in view of the facts of this case and in view of the present system of law enforcement. The office of the United States Marshal is seldom, if ever, called upon to investigate crime. That phase of law enforcement is handled by the various bureaus and agencies of the federal government, such as the Federal Bureau of Investigation, the Secret Service, the Bureau of Narcotics, and the Alcohol Tax Unit, and, during the days of prohibition, the Bureau of Prohibition. Each of these and the many other such agencies operate in a more or less specialized field and have agents highly trained in the science of detection. They carry on the actual work of investigation and present most of the evidence introduced before the grand jury.

Under the facts of this case the United States Marshal and his deputies were not called upon to make an independent investigation, but could rely upon the representation of the federal agents, who had investigated the case, as to the identity of the person mentioned in the process.

Judgment, therefore, should have been entered for the defendants-appellants, but, since the judgment for the plaintiff has been paid and the case has now become moot, the petition for reargument is dismissed.