GOLDEN *et al. v.* THOMPSON *et al.*

(In Banc. Feb. 8, 1943.)

[11 So. (2d) 906. No. 35199.]

242

J. W. Conger, of Winona, for appellants.

V. D. Rowe and **H. T. Holmes**, of Winona, for appellees.

**Smith, C. J.**, delivered the opinion of the court.

Azelle and Susie Golden were students in the High School Department of Spring Hill Consolidated Public School in Montgomery County. The appellee Thompson was the principal thereof and Shelton one of its trustees. The Goldens were excluded from the school by the two appellees and brought this action by their father as next friend in a court of a justice of the peace to recover damages therefor. No objection was made to the joinder of the two causes of action. On the trial of the case in the court below and at the conclusion of the evidence therein, the court instructed the jury to return a verdict for the appellees and there was a verdict and judgment accordingly.

The expulsion of the appellants from this school was pursuant to orders entered on its minutes by the school's board of trustees. Pursuant to Section 6648, Code of 1930, the trustees of the school added a high school department thereto and by an order on its minutes required the students therein to pay a tuition fee of $1 per month. This fee was not paid by the appellants nor by anyone for them. Some time prior to February 23rd, 1942, the exact date not appearing, the board made an order reciting that: "All High School Students must pay their tuition in full by Monday Feb. 23, 1942. All students that have not paid in full by Monday 23, will have to be

dropped from school. After being dropped from school you will only be allowed on the school campus, during school hours. Only when you are to see about your tuition.'' The expulsion of these appellants occurred a short time before the close of the school for the term and was by its Principal Thompson, with the approval of Shelton, one of its trustees.

In support of their contention that the court below erred in directing a verdict for the appellees, counsel for the appellants say that the orders of the school's board of trustees under which the appellants were excluded from school are void and afford the appellees no protection for two reasons: (a) the provision of Section 6648 of the Code permitting trustees of consolidated schools to require tuition fees from pupils of the school's high school department violates Section 208 of the State Constitution; and (b) the trustees were without power under the school statutes to incur the expense paid by them out of tuition fees for the payment of which the tuition fee was required.

It will not be necessary for us, as will hereinafter appear, to decide the first of these questions. The second is without merit for the reason that whether the tuition fees were rightfully or wrongfully disbursed by the board of trustees has no bearing on the validity of the board's order requiring the payment thereof by students. Whether or not the tuition fees that were collected were wrongfully disbursed is a matter for determination if and when the trustees are called on to account therefor in an appropriate action brought for that purpose.

Counsel for the appellees, while not admitting the constitutional invalidity of the provision of Section 6648 of the Code, here under consideration, say that, if it should be held invalid, the appellees having acted in reliance thereon, cannot be charged with liability therefor in the absence of evidence that this action was not in good faith, and none such here appear.

The courts are not in accord as to whether a public officer acting in reliance on a statute afterwards declared

to be constitutionally invalid incurs any civil liability to one injured thereby. A majority of them hold that the officer acts at his peril and as a statute which violates the Constitution is a nullity, the officer is subject to liability for acting thereon. A minority of them, however, hold that "the rule that an unconstitutional law is a nullity cannot be applied to work hardship and impose liability on a public officer who, in performance of his duty, has acted in good faith in reliance on the validity of a statute before any court has declared it invalid." 16 C. J. S. Constitutional Law, section 101, subdivision c, p. 290. Cases dealing herewith are collated in a note to Texas Company v. State, 53 A. L. R. 268. See, also, 1 Willoughby on Constitution (2 Ed.), section 8. This Court has not heretofore decided that question, but has pointed the way to an accord with the minority of the courts thereon in Yazoo & M. V. R. Company v. West, 78 Miss. 789, at page 811, 29 So. 475, at page 476, wherein it held that a public officer is not charged with the duty of determining whether a statute is constitutionally valid when acting thereon, that being "a solemn judicial question, for the courts to determine." Following this lead, together with our own conception of what the answer to this question should be, we join the minority of the courts dealing therewith and hold that even if the provision of Section 6648 of the Code which permits the trustees of a consolidated school to require a tuition fee from students in the high school department thereof is invalid, as to which we express no opinion, no liability was here incurred by the appellees in acting in reliance thereon.

Affirmed.