*264
 
 Stewart, J.
 

 The sole question before this court is whether the presumption of decedent’s death arose on September 25, 1943, which was seven years after he was last heard from or seen, or whether such presumption arose on February 14, 1949, which was the date of the decree of the presumptive death.
 

 At common law the presumption of the death of decedent would have arisen on September 25,1943, seven years after he disappeared from his residence and domicile without having been heard from or seen since.
 

 The rule is well expressed in the case of
 
 Rice
 
 v.
 
 Lumley,
 
 10 Ohio St., 596, as follows:
 

 “When a man leaves his home or usual place of residence, and goes to parts unknown, and is not heard of or known to be living for the period of seven years, the legal presumption arises that he is dead. ’ ’
 

 However, the Presumed Decedents’ Act, Section 10509-25
 
 et seq.,
 
 General Code, after providing for the filing of a petition such as petitioner filed in the present case, the legal advertising such as was ordered by the Probate Court on January 3, 1949, and the setting of a further hearing, provides, in Section 10509-28, General Code, as follows:
 

 “If satisfied, upon such hearing, or upon the report of such master, that the legal presumption of death is made out, the court shall so decree, and the presumption of death shall be regarded as having arisen as of the date of such decree. * * *”
 

 The date of such decree in the present case was February 14, 1949, and it would seem clear from this latter section that the General Assembly modified the common-law rale in Ohio, so far as the administration of estates is concerned, and changed the time of the arising of the presumption of death from the end of seven years after the disappearance of a person without having been heard from or seen since to the date
 
 *265
 
 of a decree iinding that a legal presumption of deatli is made out.
 

 This view is strengthened by the fact that in Section 10509-25, General Code, it is provided:
 

 ‘ ‘ Hereafter, whenever any person shall be presumed to be dead on account of seven
 
 or more
 
 years’ absence from the place of his or her last domicile * * * any person entitled under the last will and testament of such presumed decedent or under the intestate laws s * * may present a petition to the Probate Court * * V’ (Italics ours.)
 

 Thus it is seen that the General Assembly not only changed the date as to when a presumption of death arises but expressly changed the period which must elapse before such presumption can arise from seven years to seven or more years.
 

 The Probate Court took the view that the rule of the common law, that there is a presumption of death arising at the end of seven years after a complete disappearance, is still the rule under the law of Ohio and has not been abrogated by the Presumed Decedents’ Act.
 

 In its opinion, the court narrated the proceediiigs taken by petitioner and stated that objections to the motion to change the date of the presumed death of decedent had been made by Dennis C. Chandler as administrator of the estate of Mary Morris McWilson. The court relied largely on the case of
 
 Blythe
 
 v.
 
 Vail, Admr.,
 
 11 Ohio Opinions, 393. That case was a decision by the Court of Common Pleas of Hamilton County and that court held that the common-law rule as to the presumption of death arising seven years after the date of disappearance was not abrogated by the Presumed Decedents’ Act: that the provision of Section 10509-28, General Code, that the “presumption of death shall be regarded as having risen as of the
 
 *266
 
 date of such decree, ’ ’ is unconstitutional; and that if the General Assembly intends to abrogate the common-law rule it must do so by express language, as such abrogation can not be accomplished by mere implication.
 

 We have carefully considered the
 
 Blythe case
 
 and we can not follow the reasoning of the court therein.
 

 It is true, as the court said, that at common law the seven years unexplained absence of a person gives rise only to a presumption of his death and not to the date thereof. That must be fixed by the court upon evidence.
 

 It is difficult to see how such a conclusion makes an extension of the time for the arising of the presumption of death unconstitutional.
 

 The General Assembly unquestionably has the power to enact laws which modify or abrogate the common law. Such a practice has been followed since Ohio became a member of the Union. The wrongful death statute, Section 10509-166, General Code, is in derogation of the common-law and yet no one could properly argue that it is unconstitutional.
 

 In support of the court’s decision in the
 
 Blythe case,
 
 that if the General Assembly intends to abrogate common-law rules it must do so by express language and that there is no repeal of the common law by mere implication, the court relied upon
 
 State, ex rel. Hunt, Pros. Atty.,
 
 v.
 
 Fronzier,
 
 77 Ohio St., 7, 82 N. E., 518. In that case there is nothing in the syllabus with reference to the rule as to abrogation of the common law, but in the opinion it is said, “It is an equally well established rule that the General Assembly will not be presumed to have intended to abrogate a settled rule of the common law unless the language used in a statute clearly supports such intention.’’
 

 We thoroughly agree with that statement of the law
 
 *267
 
 but we can not see how the General Assembly could have more clearly expressed an intention to extend the period of unexplained absence beyond the seven vears to the date of the decree provided for in Section 10509-28.
 

 There is no expression in the
 
 Fronzier case
 
 that there must be words in an act of the General Assembly expressly abrogating the common law. All that need appear is a provision which clearly does modify or abrogate it, and assuredly the words used in both Sections 10509-25 and 10509-28 are clear and unambiguous. The comment with reference to Section 10509-28 reads:
 

 “The analogous section is former G. C. 10636-4. The Presumed Decedents’ Act, former G. C. 10636-4
 
 et seq.,
 
 had been construed as applying only to property owned by the presumed decedent at the end of the seven-year period. There have been cases where the presumed decedent acquired property by will subsequent to the end of the seven-year period and prior to the date of court proceedings under the Presumed Decedents’ Act. The present section amends former G. C. 10636-4 so as to make the date of the presumed death the date of the court’s decree, and so would cover cases of this kind.”
 

 The presumption of death arising after a period of seven or more years unexplained absence is not conclusive and may be rebutted by counterevidence.
 
 Brunny, Admx.,
 
 v.
 
 Prudential Ins. Co. of America,
 
 151 Ohio St., 86, 84 N. E. (2d), 504.
 

 The common law caused such a presumption to arise at the end of seven years. Section 10509-28, General Code, causes the presumption to arise at the date of a decree entered by the court after proceedings brought under Section 10509-25.
 

 The General Assembly has simply modified the common law by clear, explicit and unambiguous lan
 
 *268
 
 guage and there can be no constitutional or public policy objection to such an act.
 

 Under the Presumed Decedents’ Act the presumption can not arise before the lapse of seven years of unexplained absence, and the arising of the presumption is postponed until the date of the decree. It follows that the presumption of the death of decedent could not have arisen on September 25, 1943, as found by the Probate Court, but that it did arise on February 14, 1949, the date of the decree entered in accordance with Section 10509-28. Therefore, the court did not have the authority to fix the date of death as of September 25,1943, and it committed error in denying petitioner’s motion to change the date as to the presumption of decedent’s death.
 

 Although it is true that the presumption of death may be rebutted by proof that the presumed decedent is living, the burden of proving that such a presumed decedent is alive, or died at a different, time from the date when the presumption of death would ordinarily arise, is upon the one asserting such fact.
 

 In the present case, since there was no evidence except the unexplained disappearance of decedent from his domicile in St. Louis for more than seven years, petitioner has sustained the burden of the presumption of the death of decedent and under- the law that presumption must be regarded as having arisen as of the date of the decree of the Probate Court of BYbru ary 14, 1949.
 

 Appellee Chandler, administrator, raises another question as to Cuyahoga county court case No. 424297. in which it is alleged that petitioner filed a petition for determination of heirship and as to whether decedent, being the adopted son of Mary Morris McWiison, could inherit from her.
 

 We do not deem that question is at present before
 
 *269
 
 us since in the record in the present case there is no mention of the fact of decedent’s being an adopted son and, according to its decree, the Probate Court found that decedent was the son of petitioner.
 

 The judgment of the Court of Appeals is reversed and the cause is remanded to the Probate Court of Cuyahoga County for further proceedings in accordance with this opinion.
 

 Judgment reversed-
 

 Zimmerman, Middleton, Taet, Matthias and Hart; JJ., concur.