290 P.2d 1075

**CITY OF CLOVIS, Plaintiff-Appellee,**

v.

**Joe ARCHIE, Defendant-Appellant.**

No. 5970.

Supreme Court of New Mexico.

Dec. 13, 1955.

240

Hartley & Buzzard, Clovis, for appellant.

James A. Hall, Clovis, for appellee.

COMPTON, Chief Justice.

Appellant was convicted in the police court with having violated a city ordinance in that he interfered with an officer while in the discharge of his official duties. On appeal to the district court, he was found guilty and sentenced to serve 30 days in the county jail. From the judgment and sentence, he appeals.

The section of the ordinance under which appellant was charged, reads:

"It shall be unlawful for any person within the City of Clovis to disturb, detract, or prevent, or to attempt to disturb, detract, or prevent any officer in the discharge of his duties.'"

It is first contended that the ordinance is void because not enacted by virtue of any statutory authority. Obviously, the ordinance was enacted by virtue of the powers conferred upon municipalities by statute. Section 14–25–1, 1953 Comp., reads:

"Municipal corporations shall have power to make and publish, from time to time, ordinances not inconsistent with the laws of the state, for carrying into effect or discharging the powers and duties conferred by law, and such as shall seem necessary and proper to provide for the safety, preserve the health, promote the prosperity, improve the morals, order, comfort and convenience of such corporation and the inhabitants thereof, and to enforce obedience to such ordinances by fines not exceeding three hundred dollars ($300), or by imprisonment not exceeding ninety (90) days, by suit or prosecution before any justice of the peace within the limits of such city or town."

Sections 40–31–4 and 40–31–5, 1953 Comp., make it unlawful to obstruct justice. The former relates to obstructing an officer in serving process; the latter to resisting or abusing an officer while executing the duties of his office. The ordinance is not inconsistent with these statutory provisions. Mares v. Kool, 51 N.M. 36, 177 P.2d 532; City of Clovis v. Dendy, 35 N.M. 347, 297 P. 141.

The validity of the ordinance is further attacked on the grounds that it is vague and unreasonable. The argument has no merit. Webster's New International Dictionary defines the pertinent words of the ordinance as follows:

"Disturb—Throw into disorder or confusion.

"Detract—Take away.

"Prevent—Keep from happening, hinder, frustrate.

"Duty—That which is required by one's station or occupation."

The language of the ordinance is clear, definite and free from ambiguities. City of Roswell v. Mitchell, 56 N.M. 201, 242 P.2d 493; Schwartz v. Town of Gallup, 22 N.M. 521, 165 P. 345.

Also under attack is the sufficiency of the evidence to support the judgment. It requires no extended analysis of the testimony to reach the conclusion that the evidence is substantial. Chief of Police Damron went to the Bennie Dunn Cafe on West First Street in Clovis, where he had been advised that Dunn, the owner of the cafe, had intoxicating liquor stored illegally. He explained his mission to Dunn and requested permission to look into the back room. Dunn refused and the two men engaged in a heated argument. In the meantime, one Corine Handy Jones Frederick entered the cafe. She became violent and used profane language. She caused such a disturbance that a large crowd gathered and there was nothing left for the officer to do but to take her into custody. As officer Damron was removing her from the cafe, appellant entered, placed himself between them and the door, and said to Damron, "you can't treat this girl that way." This evidence amply supports the judgment.

Finally, it is contended the court was without jurisdiction because appellant was arrested without a warrant supported by an affidavit. While § 38–1–3, 1953 Comp. requires that warrants must be supported by affidavits, the offense here was committed in the immediate presence of the arresting officers. Under such circumstances, no warrant was required. Section 14–17–6, 1953 Comp.

The judgment is affirmed, and It Is So Ordered.

LUJAN, SADLER, McGHEE and KIKER, JJ., concur.