299 So.2d 105 (1974)
BOCA RATON, a Municipal Corporation, and Reliance Insurance Company, Appellants,
v.
Donna Mae COUGHLIN, Appellee.
No. 73-142.
District Court of Appeal of Florida, Fourth District.
July 5, 1974.
Rehearing Denied September 12, 1974.
*106 R. Edward Campbell, of Jones, Paine & Foster, West Palm Beach, for appellants.
Lake Lytal, Jr. and Edna L. Caruso of Howell, Kirby, Montgomery, D'Aiuto, Dean & Hallowes, West Palm Beach, for appellee.
GONZALEZ, JOSE A., Jr., Associate Judge.
At 3:00 a.m. on February 26, 1971, the 52-year-old appellee was awakened by a *107 knock on the front door of the private home where she was employed as a sleep-in babysitter.
Upon answering she was greeted by members of the Boca Raton police department who announced they were there to execute a search warrant. A quantity of pornographic material was found in a bedroom closet whereupon appellee was arrested without a warrant and charged with violation of a municipal ordinance, to wit: possession of obscene material. After being taken to the station for routine processing, she was released on bond.
The expected results followed.
The evidence was eventually suppressed, the charges dismissed, and appellee brought suit against the city alleging false arrest and false imprisonment.
A jury awarded her $50,000.00 and the city appeals on the ground that the court erred in its instructions to the jury.
Specifically, appellant-city argues that the court erred in instructing the jury that "The mere private possession of obscene material is not a crime"; and in refusing to charge that "Under the Ordinances of the City of Boca Raton and the Statutes of Florida and hence, Florida Law, it is unlawful and a misdemeanor for anyone to knowingly have in his possession, custody or control any obscene, lewd, lascivious, filthy, indecent, immoral, sadistic, or masochistic book, magazine, periodical, pamphlet, (or) newspaper ..."
There was no error says appellee, for in April, 1969, nearly two years prior to her arrest, the United States Supreme Court held in Stanley v. Georgia, 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542, that "... the First and Fourteenth Amendments prohibit making mere private possession of obscene material a crime."
While recognizing that the states retain broad power to regulate obscenity, the court further said "that power simply (did) not extend to mere possession by the individual in the privacy of his own home."
Appellee maintains, therefore, that the Court correctly instructed the jury on the law applicable at the time of the arrest and trial, and properly refused to charge the ordinance requested since it was unconstitutional under the facts of this case.
Indeed, says appellee to instruct the jury as the city suggested would have been misleading and erroneous since such is simply not the law.
The city was charged, inter alia, with false arrest and false imprisonment by reason of the acts of its police officers in arresting appellee without a warrant.
At common law police officers have no absolute and unqualified immunity from liability for false arrest; however, in certain instances, defenses of good faith and probable cause are available to them. Pierson v. Ray, 1967, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288.
The arrest in this case was illegal and unconstitutional by reason of Stanley v. Georgia, supra; nevertheless, it does not inevitably follow that the city is liable.
The ultimate issue for the jury herein to decide was whether or not the City's police officers reasonably believed in good faith that their arrest of appellee was constitutional.
By the great weight of authority an arrest made by a police officer for acts committed in his presence in violation of ordinances valid upon their face are privileged and do not subject him to liability if thereafter the ordinance is held void. Miller v. Stinnett, 257 F.2d 910 (CA 10th Cir.1958). Accord: Wichita County v. Robinson, 155 Tex. 1, 276 S.W.2d 509; Bricker v. Sims, 195 Tenn. 361, 259 S.W.2d 661; Golden v. Thompson, 194 Miss. 241, 11 So.2d 906.
The privilege, however, does not extend to an arrest and detention by those who know or have reason to believe that the ordinance is invalid or inapplicable. Miller v. Stinnett, supra.
*108 Police officers are required to enforce the law as written, in the absence of any proper adjudication of unconstitutionality; but they are not charged with predicting the future course of constitutional law. Pierson v. Ray, supra.
Where an officer arrests someone with probable cause he is not liable for false arrest simply because the innocence of the suspect is later proved. Restatement, Second Torts § 121 (1965). Similarly, he is not liable for making a warrantless arrest for a violation of a municipal ordinance committed in his presence when he reasonably believes the ordinance to be valid though it is unconstitutional and invalid.
Although it may be difficult to believe that a police officer of the City of Boca Raton would be ignorant of the U.S. Supreme Court's decision in Stanley v. Georgia nearly two years after the fact, nevertheless, it is a factual issue which a jury must determine.
Should the jury find that the officers reasonably believed in good faith that the arrest was constitutional, then a verdict in favor of the officers would follow even though the arrest was unconstitutional. Pierson v. Ray, supra.
Accordingly, it was not error to charge that mere private possession of obscene material is not a crime since the U.S. Supreme Court had previously so held, and hence such instruction went directly to the ultimate issue in the case.
Likewise, it was reversible error to fail to instruct the jury that at the time of the arrest the requested ordinance of the City of Boca Raton was still in effect and that its constitutionally had not yet been specifically determined.
The purpose of the latter instruction is not to pass on the validity or otherwise of the ordinance, on its face or as applied, but is rather to assist the jury in determining the reasonableness and good faith of the officers in making the particular arrest.
Since the case must be retried and in the interest of avoiding future appeals we state that the court did not err in instructing the jury that an arrest without a warrant for a misdemeanor must be made immediately or on fresh pursuit. Sec. 901.15, F.S.A.; though the words "violation of a municipal ordinance" though not requested would have been more precise.
The pleadings fail to assert that the second "arrest" was illegal, but rather allege malicious prosecution. This instruction, therefore, could not have been confusing since only one illegal arrest was plead.
The judgment of the trial court is reversed and the cause is hereby remanded for new trial as to both liability and damages.
Reversed.
OWEN, C.J., and WALDEN, J., concur.