NESBITT, Judge.
Parks appeals from an adverse judgment in favor of the defendants, the City of Homestead and Officer James R. McLaughlin, on Parks’ action for false arrest.
In early September, 1976, while Officer McLaughlin was working as an undercover officer for the narcotics unit, he learned from a reliable confidential informant that Parks was selling marijuana from his apartment. In response to this tip, McLaughlin and another detective established a three-day surveillance of Parks’ apartment. During the course of three eight-hour shifts, the officers observed at least ten persons per day, between the ages of thirteen and twenty, knocking on Parks’ door. Parks was seen exchanging unidentified goods with each of these individuals. Based on the information from the confidential informant and the surveillance, McLaughlin obtained a search warrant from the Municipal Judge of the City of Homestead. The search was conducted while Parks was out of his apartment. The officers found a pipe which contained marijuana residue, a small bag of marijuana, and a radio identified as one which had been stolen from the Homestead Police Department. Ironically, when Parks returned to his disheveled apartment, he telephoned the Homestead police to report what he believed to have been a burglary of his dwelling. The Homestead police promptly arrived and arrested Parks, charging him with receiving stolen property, possession of cannabis, and unlawful possession or sale of a controlled substance. Parks filed a motion to suppress the evidence seized from his apartment. The motion was granted on the basis that there was no enabling ordinance in the City of Homestead authorizing a municipal judge to issue a search warrant. As a result, the criminal prosecution was terminated.
Parks then commenced this civil action for false arrest. At the trial, it was stipulated that the search warrant was void and the jury was instructed to that effect. Over Parks’ objection, the trial judge also *1143 instructed the jury that the officer’s good faith in making the arrest would be a valid defense. A verdict was entered in favor of the defendants.
Parks appeals, claiming that the defense of good faith is unavailable when the instrument upon which that defense was predicated was void on its face. In Pierson v. Ray, 386 U.S. 547, 555, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967), the Supreme Court considered the liability of police officers for false arrest:
The common law has never granted police officers an absolute and unqualified immunity, and the officers in this case do not claim that they are entitled to one. Their claim is rather that they should not be liable if they acted in good faith and with probable cause in making an arrest under a statute that they believed to be valid. Under the prevailing view in this country a peace officer who arrests someone with probable cause is not liable for false arrest simply because the innocence of the suspect is later proved. Restatement, Second, Torts § 121 (1965); 1 Harper & James, The Law of Torts § 3.18, at 277-278 (1956); Ward v. Fidelity & Deposit Co. of Maryland, 179 F.2d 327 (CA 8th Cir. 1950). A policeman’s lot is not so unhappy that he must choose between being charged with dereliction of duty if he does not arrest when he has probable cause, and being mulcted in damages if he does. Although the matter is not entirely free from doubt, the same consideration would seem to require excusing him from liability for acting under a statute that he reasonably believed to be valid but that was later held unconstitutional, on its face or as applied.
In Reilly v. United States Fidelity & Guaranty Co., 15 F.2d 314, 315 (9th Cir. 1926), the court stated the rule with respect to the execution of warrants:
The general rule is that if an officer arrests one under a warrant absolutely void on its face he may be liable for false imprisonment. But if the arrest is made under a process that is voidable merely, or, if void, the fact does not appear on the face of the writ, the officer will be protected. He cannot be permitted to refuse to serve a writ because of his own belief that the magistrate issuing the writ has no jurisdiction.
Florida comports with this view as evidenced by the decision in Boca Raton v. Coughlin, 299 So.2d 105 (Fla. 4th DCA 1974). There, nearly two years after the United States Supreme Court, in Stanley v. Georgia, 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969), decided that the First and Fourteenth Amendments prohibit making the mere private possession of obscene material a crime, police officers of the City of Boca Raton enforced an extant unconstitutional ordinance against Coughlin. The court, in reversing the judgment in favor of Coughlin in her suit for false arrest, held that good faith was available as a defense even though the ordinance was invalid and unconstitutional.
Following the rationale of these decisions, we must affirm the jury verdict in the present case. The issue is not whether the warrant was void but whether the police officer procuring and executing it had a reasonable belief that the Municipal Judge of the City of Homestead had authority to issue the warrant. See Boca Raton v. Coughlin, supra. This is clearly a factual issue which was properly presented to the jury and resolved in favor of the defendants.
Our review of the record reveals that there was substantial evidence from which the jury could have rendered its decision. Officer McLaughlin testified that Homestead police traditionally and continuously have sought and been issued search warrants from the Municipal Judge without knowledge of the invalidity of such warrants. Those warrants provided the basis for admissible evidence and convictions in a number of other cases. Under the circumstances, the jury apparently believed that the officer was justified in relying upon the custom and practice with respect to the execution of a warrant. Consequently, we will not disturb the jury’s determination.
Affirmed.