**Benjamin Harvey HOWARD, Plaintiff,**

v.

**Roger W. TIPTON, Defendant.**

**In the Matter of Benjamin Harvey HOWARD, Debtor.**

Adv. No. 3–81–0827.
Bankruptcy No. 3–81–01456.

United States Bankruptcy Court,
S.D. Ohio, W.D.

Dec. 21, 1982.

Cynthia M. Heck, Dayton, Ohio, for defendant.

J. Bernard Carter, Dayton, Ohio, for plaintiff.

Thomas Talbot, Dayton, Ohio, trustee.

## DECISION AND ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

### FACTS

Plaintiff, Benjamin Harvey Howard, filed a voluntary petition in bankruptcy on 19 May 1981, scheduling as one of his creditors Defendant, Roger W. Tipton. On 11 November 1981 the Trustee in Bankruptcy disclaimed and abandoned Debtor's undivided one-half interest in residential real estate located in Montgomery County, Ohio. A discharge in bankruptcy was duly entered on 19 November 1981, the Trustee released and the case closed on 30 November 1981. During the course of the administration no action was instituted in the Bankruptcy Court seeking either a lien avoidance or determination of the dischargeability of any debts.

Prior to invoking the Bankruptcy Court jurisdiction, Plaintiff had been named as party Defendant in a suit in the Common Pleas Court of Montgomery County, Ohio, instituted by Tipton, for marshalling of liens and foreclosure of a judgment lien taken 20 October 1980 upon the same real estate as scheduled in the bankruptcy estate. The judgment lien resulted from damages suffered in an automobile collision, and not from any capital contribution in the purchase of the property. In the state court action, Howard filed his Answer 9 June 1981 citing his pending bankruptcy case.

The Notice of Trustee's Disclaimer in Real Estate specified a valuation of $15,900.00 for Debtor's interest encumbered by first, second and third mortgages in the total amount of $28,959.00, all filed prior to the judgment lien of Defendant. Apparently the mortgages are against the entire interest in the real property, including the undivided one-half owned by Plaintiff's spouse.

Plaintiff in his schedules claimed a statutory homestead exemption in the real estate in the amount of $5,000.00, to which no objection was filed.

In the state court action upon issues joined by pleadings filed by the mortgagees, Tipton on motion received a summary judgment by decision filed by Judge Brown on 23 November 1981, which in pertinent part reads, as follows:

. . . . .

The complaint asserts that the plaintiff by virtue of certificate of judgment duly filed with the Clerk of this Court has a lien upon the undivided interest of the defendant, Benjamin H. Howard, in the real property described in the complaint. The defendants, Howard, admit filing of the certificate of judgment as alleged, but assert two reasons why the motion should not be granted. First, the defendants argue that the plaintiff is not entitled to a personal judgment against the defendant, Lorraine Howard. This is absolutely correct, but the plaintiff does not seek a personal judgment against that defendant. Secondly, these defendants assert that the defendant, Benjamin Howard filed a petition in bankruptcy and therefore that Court has exclusive jurisdiction of the defendant's interest in the real property. However, the plaintiff has demonstrated that a trustee in bankruptcy was appointed in the action and that the trustee has disclaimed any interest in this real property.

Based upon the allegations of the complaint, the answer of the defendants, Howard, and the affidavit filed on behalf of the plaintiff, the Court finds that there are no genuine issues of material

fact that the plaintiff is entitled to judgment marshalling liens on the real property described in the complaints and for foreclosure of the same.

On 4 December 1981 Howard filed his complaint in this court seeking a finding of contempt of court against Defendant Tipton "for his continued efforts to collect a debt properly discharged .... [and] an order issued directing the transfer of the aforedescribed action from the Common Pleas Court of Montgomery County, Ohio to this Court." These issues were joined by Answer of the Defendant filed 4 December 1981. At the pretrial conference it was stipulated by the parties to submit the matter on the pleadings, pretrial order, and the record (including the state court proceedings) as on motion for summary judgment.

## DECISION

Defendant urges as primary defense that, "... The summary judgment in the foreclosure action in the Common Pleas Court of Montgomery County, Ohio, was obtained after the Plaintiff/debtor had been discharged in bankruptcy and the subject property was abandoned by the Trustee." In addition, citing the terms of 28 U.S.C. § 1478(a), Defendant argues that only a *pending* civil action can be removed to the Bankruptcy Court.

### I

28 U.S.C. § 1478(a) provides that "a party may remove any claim or cause of action in a civil action ... if the bankruptcy courts have jurisdiction over such claim or cause of action." It would appear that such an action is "pending" so long as any legal procedures are yet to be implemented, including execution and orders in aid of execution, although such a possibility is so remote as to defy belief. See decision by this Court in *American Fidelity Investments v. Gagel (In re GWF Investment, Ltd.)*, 20 B.R. 122, 9 B.C.D. 185 (Bkrtcy.1982).

It is noted that the real estate in question ceased to be a part of the bankruptcy estate when it was disclaimed and abandoned by the Trustee without objection. At this point jurisdiction in the bankruptcy court extended only to enforcement of the 11 U.S.C. § 362 stay and not to disposition of the property. Hence, it seems obvious that the complaint for removal was not timely sought. Furthermore, removal of the foreclosure action, even if permissible, would then only invoke the rationale for remand, under prior decisions of this Court. The *de minimus* nature of the nexus between the foreclosure and the bankruptcy case would mandate either abstention or a remand. Even more critical *instanter* this Court would deny removal because of the nature and extent of the state court's involvement in the issues, now in judgment on foreclosure, as a matter of traditional comity among courts with concurrent jurisdiction.

### II

Phrased somewhat differently from the arguments presented, Plaintiff seems to be concerned with two ancillary aspects of the foreclosure suit; namely, the violation of his rights accruing from a discharge in bankruptcy and the pursuit of the state homestead exemption claimed in the bankruptcy schedules.

A careful examination of the state court record reveals no effort to date of litigating dischargeability of the debt owed by Defendant. The record likewise reveals no attempt by Plaintiff to assert homestead exemption, if any, in the foreclosure suit. The conclusion as rationalized by Judge Kelleher (in a different factual context) is inescapable. See *In re Greenhill*, 27 B.R. 197 (Bkrtcy.S.D.Ohio 1982). An exemption is setoff judicially only when the exemption right is impaired, one context being 11 U.S.C. § 522(f)(2) as in *Greenhill*. Another, more obvious context would be a liquidation in bankruptcy of affected property as an estate asset. Inasmuch as the foreclosure suit now involved in the state court is not now removable, the exemption right must be asserted in the state court. There has been no judicial determination by this Court

of the existence of a homestead exemption right, and the uncontested claim of exemption in the bankruptcy estate constitutes neither *res judicata* nor collateral estoppel.

### III

There is one aspect of the controversy *sub judice* which might well concern the bankruptcy court, although not ripe for decision on the facts *sub judice.*

The state court has not expressly precluded any judgment of personal liability against Plaintiff. Although Defendant insinuates that there is no intention to circumvent rights derived from the discharge in bankruptcy, the monetary aspects of a judicial sale in the state court have not been finalized. It is difficult to understand, nevertheless, what financial benefit Defendant can possibly realize from the judicial sale of the homestead, as fourth junior lienholder.

The Plaintiff does in argument allude to this facet, as follows: " ... Respondent has persisted in what is evidently a future action as a means of harassing the Complainant and an effort to collect the amount of his debt by the use of extraordinary means that are in violation of the orders of this Court. The respondent cannot expect to collect any portion of his judgment through the action in the Common Pleas Court. However, Respondent has and continues to exert pressure upon the Complainant through the threat of foreclosure with the resultant cost of additional legal fees and court costs being a forseeable past [sic] of that pressure and harassment."

 This aspect raises a potential violation of Plaintiff's rights and the implementation of postdischarge remedies. Such lies within the exclusive province of bankruptcy court jurisdiction and the imposition of any necessary sanctions. There is a nebulous line here drawn that must bear judicial scrutiny.

The legislative history of § 522(g) recognizes that, "The bankruptcy discharge will not prevent enforcement of valid liens. The rule of *Long v. Bullard,* 117 U.S. 617 [6 S.Ct. 917, 29 L.Ed. 1004] (1886), is accepted with respect to the enforcement of valid liens on nonexempt property as well as exempt property. *Cf. Louisville Joint Stock Land Bank v. Rudford,* 295 U.S. 555, 582 [55 S.Ct. 854, 859, 79 L.Ed. 1593] (1935)." See H.Rep. No. 95–595, p. 361, U.S.Code Cong. & Admin.News 1978, p. 5787 at 9 Bkr. L.Ed. § 82:17, at p. 373.

Juxtaposed, however, is the concomitant prohibition from the purpose of Code § 524(a)(2), made intentionally broad in scope to preclude all actions by a creditor to collect personally from a debtor, made explicit in the House and Senate Reports, as follows:

"The injunction is to give complete effect to the discharge and to eliminate any doubt concerning the effect of the discharge as a total prohibition on debt collection efforts. This paragraph has been expanded over a comparable provision in Bankruptcy Act § 14F to cover any act to collect, such as dunning by telephone or letter, or indirectly through friends, relatives, or employers, harassment, threats of repossession, and the like. The change is ... intended to ensure that once a debt is discharged, the debtor will not be pressured in any way to repay it." H.R.Rep. No. 95–595, 1st Sess. 365–368 (1977): S.Rep. No. 95–989, 95th Con.2d Sess. 80 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787, 5866, 6321 at 9 Bk.L.Ed. pp. 377–378.

The facts do not establish a violation of Plaintiff's rights yet, demanding imposition of sanctions or damages, either in contempt or as a trespass (which supports different elements of damages not requiring all of the required burdens of proof necessary to support contempt of court. See decision of this Court in *The Springfield Bank v. Caserta* (Bkrtcy.1981), 10 B.R. 57 *).

---

\* The action of trespass as encompassed in the pervasive jurisdiction of the Bankruptcy Courts to litigate both federal rights and state derived

common law civil causes of action "related to cases under title 11" under 28 U.S.C. § 1471(b), should not be confused with "new remedies"

If Defendant is using the threat of foreclosure as a device or leverage to force repayment by Plaintiff, the conditional threat is an action designed to collect the debt as a personal liability. Certainly a debtor would have a cause of action to recover all payments made under such coercion. If facts are later submitted to demonstrate such a motivation, the Defendant's foreclosure action should be permanently enjoined to effectuate the discharge.

Accordingly, it is concluded that the complaint must be denied as to removal of the state court action to the Bankruptcy Court; as to a determination of state statutory exemption rights therein; and, to impose sanctions for contempt of court, and is accordingly dismissed. Jurisdiction will be retained to enforce rights derived from the discharge in Bankruptcy and Defendant is enjoined from collecting any funds from the Plaintiff in any fashion or form, including, of course, duress.

derived from federal statutory provisions not justiciable under the more limited U.S. District Court jurisdiction. See *Thacker v. Etter, In re Thacker,* (Bkrtcy.S.D.Ohio), 24 B.R. 835, construing *Northwest Airlines v. Transport Workers Union,* 451 U.S. 77, 101 S.Ct. 1571, 67 L.Ed.2d 750 (1981). This action in trespass, however, stems from state law, not federal "common law."