**In the Matter of Michael JONES, Joyce F. Jones, Debtors.**

**Bankruptcy No. 3–81–01367.**
**Adv. No. 3–81–0748.**

United States Bankruptcy Court,
S.D. Ohio, W.D.

Feb. 4, 1983.

Ronald L. Burdge, Franklin, Ohio, for plaintiff-debtor.

Ray E. Schmidt, Dayton, Ohio, for defendant-creditors.

Jack Pickrel, Trustee, Dayton, Ohio.

### FINDINGS OF FACT

CHARLES A. ANDERSON, Bankruptcy Judge.

This matter is before the court upon the pleadings and evidence adduced, seeking a determination that Defendants are in violation of the automatic stay of 11 U.S.C.

§ 362 and seeking both compensatory damages and punitive damages in the amount of $5,000.00, plus costs, including attorney's fees.

The Defendants counterclaimed as to the alleged stay violation because of alleged "criminal conduct" of Plaintiff urged as an exception to the stay under 11 U.S.C. § 362(b)(1) and seek a determination of nondischargeability for willful and malicious injury to property together with compensatory damages in the amount of $600.00 and punitive damages in the amount of $5,000.00.

Plaintiff (Debtor) and his former wife (Joyce) filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on May 7, 1981. Defendant, Joseph W. Storck and Rosemary Storck were duly scheduled and notified as creditors. Defendant, Rosemary Storck is the natural mother of Joyce, and Joseph the Stepfather.

There is no question that the automatic stay was violated and that both Defendants were implicated in a Warren County Small Claims Court civil suit instituted against Plaintiff Debtor on 20 October 1981. Both Plaintiff and Defendants had been engaged in a deplorable family squabble and vendetta, now transposed to this Court.

The damages claimed by Defendants from Plaintiff stem from one altercation in the personal vendetta, when Plaintiff rammed his vehicle into a 1974 Ford motor vehicle owned by Joseph after a New Year's Eve party on January 1, 1981. The Warren County Small Claims Court granted a default judgment to Rosemary Storck on December 29, 1981, for $500.00 plus costs of $5.00, for damages to the 1974 Ford in the name of Joseph. The testimony in this regard was that Joseph had "authorized" Rosemary to bring suit. Joseph previously on 9 March 1981 had been paid insurance proceeds of $350.00 on the basis of a $600.00 valuation, less a $100.00 deductible and a salvage value of $150.00. The insurance company filed suit on 24 December 1981 on subrogation for the $350.00.

## DECISION

The conclusion is inescapable that Defendants are in violation of the automatic stay imposed by 11 U.S.C. § 362, as a matter of law. Whether the damage to the automobile of Defendants might be a "criminal act" is not crucial because the state court suit was a civil action sounding in tort. There is no evidence of any "commencement or continuation of a criminal action or proceeding against the debtor." 11 U.S.C. § 362(b)(1).

Jurisdiction in the Bankruptcy Court can no longer be exercised, however, to consider the possible damages suffered from a state common law cause of action sounding in trespass, pursuant to 28 U.S.C. § 1471, in light of the unconstitutionality of that jurisdiction pronounced by the United States Supreme Court decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, (1982) —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598, 6 C.B.C.2d 785, 9 B.C.D. 67, CCH Bankr.L.Reptr. ¶ 68698.

This Court has previously concluded that the United States District Courts also derive no state law jurisdiction from this unconstitutional statute. Hence, the Judicial Conference "Model Rules" as adopted pursuant to the order of the Judicial Council of the Sixth Circuit on December 21, 1982, does not confer any state law jurisdiction in this regard. See *In The Matter of The Schear Realty & Investment Co. Inc.*, (Bkrtcy.Ohio 1982) 25 B.R. 463, 9 B.C.D. 1210. The automatic "reference" of cases to Bankruptcy Judges incorporated into § 405(a)(1) of Public Law 95–598 serves no purpose to confer unquestioned jurisdiction, superseding 28 U.S.C. § 1471, because the "related proceedings" jurisdiction exclusively conferred to Bankruptcy Judges by the very terms of 28 U.S.C. § 1471(b) is preempted from District Judges, who are made a part of the appellate process. Section 405(a)(2) apparently is intended to reserve to District Judges only those powers specifically denied to the Bankruptcy Judges (the power to punish certain criminal contempts and to enjoin other courts) in addition to the appellate function. See, also Public Law 95–598 § 405(c) and (d).

Even assuming that the District Courts have some federal question jurisdiction to "refer," it is axiomatic that there is no federal common law cause of action or new personal remedies arising from 11 U.S.C. § 362. See conclusions by this Court *In The Matter of Benjamin Harvey Howard* (Bkrtcy. Ohio 1982), 26 B.R. 777.

Since the violation of the § 362 stay is patent, the only function and concern now is the assessment of suitable sanctions and there must be abstention from any determination of any state common law rights in trespass either in behalf of Plaintiff (the § 362 violation) or the Defendant (damages to their motor vehicle) except as to the extent the claimed nondischargeability of the debt is pertinent. See *In The Matter of Duhl* (at Dayton, 1983), Case No. 3–82–02314, Adv. No. "A."

The following conclusions in this framework are drawn from the facts *sub judice,* namely:

■ (1) The facts establish a nondischargeable debt for willful and malicious injury by the Debtor to the property of Joseph W. Storck. 11 U.S.C. § 523(a)(6).

(2) The facts establish a violation by Joseph W. Storck and Rosemary Storck of the 11 U.S.C. § 362 stay from their collection harassment and civil law suit against Debtors in the County Court.

The facts demonstrate the necessity to impose only minimum sanctions for the stay violation to compel obedience to Plaintiff's rights since the drastic nature of the power to punish demands that it be used only for clear and urgent cases and the contempt order should be always limited to the least possible exercise of power adequate to the end here proposed of curing a contempt which obstructs the administration of justice.

(3) No compensatory damages having been established arising out of the default judgment against Debtor in the state court, the sanctions imposed upon Joseph W. Storck and Rosemary Storck should be limited to reimbursement for attorney's fees and costs expended to prosecute the complaint in contempt.

The propriety of the exercise of jurisdiction by a bankruptcy judge since *Northern Pipeline* to punish for criminal contempt is now very seriously in doubt. Rule 920 of the Rules of Bankruptcy Procedure as promulgated by the United States Supreme Court in 1973, upon recommendation of the Judicial Conference, would confer such powers on Bankruptcy Judges. Conversely, "Model Rule" Section (d)(1)(B) adopted in the Southern District of Ohio conformably to Order of the Judicial Council of the Sixth Circuit confers all criminal contempt proceedings on the District Judges, apparently because of the provisions of 28 U.S.C. § 1481 and the *Northern Pipeline* opinion on the exercise of Article III judicial powers by Bankruptcy Judges as non-Article III courts. Because of the constitutional questions raised by *Northern Pipeline,* this Court is constrained to abstain from imposing any sanctions for criminal contempts not committed in the presence of the Court. The instant complaint does not seek compliance with an order of the court which is a civil contempt; rather, it seeks vindication of the court jurisdiction and compensation to the complainant. Since sanctions are requested partly as punishment and partly as compensation, the criminal feature of the order requested is dominant and fixes its character. See *Nye v. United States,* 313 U.S. 33, 61 S.Ct. 810, 85 L.Ed. 1172; and *Penfield Co. v. Securities & Exchange Commission,* 330 U.S. 585, 67 S.Ct. 918, 91 L.Ed. 1117. It is important to emphasize that civil contempt proceedings involve an act of disobedience in refusing to do what has been ordered, not in doing what has been prohibited. *Shillitani v. United States,* 384 U.S. 364, 86 S.Ct. 1531, 16 L.Ed.2d 622. See contra: *In Re Thacker,* 24 B.R. 835 (Bkrtcy. Ohio).

(4) Joseph W. Storck and Rosemary Storck should be, and are hereby, enjoined from collecting the judgment rendered in the state court in violation of the 11 U.S.C. § 362 stay until a court of competent juris-

diction assesses appropriate compensation to Plaintiff-Debtor for the violation.

JUDGMENT ENTRY ON COMPLAINT FOR VIOLATION OF THE AUTOMATIC STAY AND FOR MONEY JUDGMENT

In accordance with the Decision and Order entered this date,

ORDERED, ADJUDGED AND DECREED that (1) Defendants (Joseph W. Storck and Rosemary Storck) have violated the automatic stay of 11 U.S.C. § 362 by collection harassment and institution of a civil law suit against the Debtors in the County Court; (2) Joseph W. Storck's (Defendant) claim against Michael Jones is deemed NONDISCHARGEABLE pursuant to 11 U.S.C. § 523(a)(6); (3) The appropriate sanction against Defendants would be an ORDER TO REIMBURSE Debtors for attorney's fees and costs expended to prosecute the complaint in contempt; and (4) Defendants are enjoined from collection of the judgment rendered in the state court until a court of competent jurisdiction assesses appropriate compensation to Plaintiff-Debtor for the violation.