SEYMOUR, Circuit Judge.
 

 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal.
 
 See
 
 Fed.R. App.P. 34(a); Tenth Cir.R. 10(e). The cause is therefore ordered submitted without oral argument.
 

 William and Jesse Houghton, husband and wife, brought this diversity suit applying Oklahoma law against Foremost Financial Services (Foremost). The Houghtons sought damages resulting from Mr. Hough-ton’s arrest and detention for contempt arising out of a state court replevin action initiated by Foremost. The district court construed the Houghtons’ complaint to allege causes of action for false imprisonment, malicious prosecution, and abuse of process. The parties filed cross motions for summary judgment, and the district court granted Foremost’s motion. We affirm in part and reverse in part.
 

 The undisputed facts, as set forth in the district court order, are as follows:
 

 “In June, 1973, Tommy Wells purchased a mobile home with funds borrowed from Foremost Financial Services (formerly known as Minnehoma Financial Co.). At that time, Foremost obtained a purchase money security agreement concerning the mobile home and a promissory note. The mobile home was subsequently sold by Wells to an individual who assumed Wells’ note and mortgage to Foremost. Thereafter, the mobile home was sold to William D. Houghton and Jesse Hough-ton, plaintiffs in this action. The Hough-tons also assumed the original note and mortgage to Foremost Financial Services.
 

 “On March 1, 1978, William Houghton filed a voluntary petition in bankruptcy. (Jesse Houghton did not file for bankruptcy). In his petition, William Hough-ton listed Foremost Financial Services as a secured creditor with a security interest in his mobile home. However, Houghton failed to list the mobile home as an asset. Thereafter, on March 4, 1978, Houghton was discharged in bankruptcy and the
 
 *114
 
 case was closed without any disposition of the mobile home.
 

 “On July 24, 1980, Foremost Financial Services filed an action in replevin against William D. Houghton and Jesse Houghton seeking possession of the mobile home, or in the alternative that the mobile home could not be located, money damages for its reasonable value. Foremost obtained a default judgment and caused an order to be issued directing the Houghtons to appear for examination regarding the mobile home. When the Houghtons failed to appear, the court, upon application, ordered them to appear and show cause why they should not be cited for contempt. The Houghtons also failed to appear at the ‘show cause’ hearing and a bench warrant was issued for their arrest. Only Mr. Houghton was arrested and he was released after posting bond. At that time, he was directed to appear at a subsequent hearing regarding the issue of his contempt. At the subsequent hearing, Mr. Houghton was exonerated of the contempt charge when Foremost’s counsel failed to appear.”
 

 Rec., vol. I, at 113-14.
 

 All of the Houghtons’ claims are based on their assertion that the state court replevin action was actually an improper attempt to recover money owing on a personal liability that had been discharged in bankruptcy. The district court rejected this contention, stating that “[t]he proceeding before the state court was nothing more than an action in replevin.”
 
 Id.
 
 at 115. On appeal, the Houghtons assert that whether Foremost instituted the state court proceedings to recover possession of the mobile home or to collect on a discharged personal debt is a disputed issue of material fact, and that summary judgment was therefore improper. For the reasons set out below, we conclude that the record reveals a dispute as to this fact and that it is material to Mr. Houghton’s causes of action for false imprisonment and abuse of process.
 

 Summary judgment is proper when “there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law.” Fed.R.Civ.P. 56(c). In reviewing a grant of summary judgment, we must construe the pleadings and documents liberally in favor of the party against whom the motion is granted.
 
 Mustang Fuel Corp. v. Youngstown Sheet & Tube Co.,
 
 516 F.2d 33, 36 (10th Cir.1975). Factual inferences tending to show triable issues must be considered in the light most favorable to the existence of those issues.
 
 Id.
 
 Summary judgment should not be granted when different inferences can be drawn from conflicting evidence, particularly when credibility is at issue.
 
 Romero v. Union Pacific Railroad,
 
 615 F.2d 1303, 1309 (10th Cir.1980). The fact that both parties have moved for summary judgment does not permit entry of summary judgment if disputes remain as to material facts.
 
 Harrison Western Corp. v. Gulf Oil Corp.,
 
 662 F.2d 690, 692 (10th Cir.1981).
 

 In this case, a dispute exists as to whether Foremost was aware of the location of the mobile home when the replevin action was begun in state court. Foremost submitted an affidavit by Bruce McClellan, its attorney in the replevin action. McClellan stated that the sole purpose of the state suit had been to recover possession of the mobile home, and that prior to the suit Foremost had been unable to locate the trailer. However, the Houghtons testified in their depositions that they had moved out of the trailer about the time of the bankruptcy, and that they had written to Foremost several times after the bankruptcy proceeding requesting Foremost to pick up the mobile home. The Houghtons further stated that someone had visited them in an effort to repossess the mobile home and they had given directions to it. They also testified that Foremost'had written letters addressed to them when they were living in the mobile home.
 
 [1]
 

 
 *115
 
 This disputed fact issue is material to the tort claims asserted in the case. The order in the replevin action directed the Hough-ton’s “to appear and answer concerning the whereabouts” of the mobile home. Rec., vol. I, at 44. If Foremost knew the location of the trailer, the purpose of the proceeding may have been to attempt to enforce the alternative money judgment provided by statute rather than merely to locate the trailer.
 
 See
 
 Okla. Stat. tit. 12, § 1580 (1981).
 
 [2]
 
 We must therefore consider the Houghtons’ allegations that the replevin action was an improper attempt to collect on a monetary obligation discharged in bankruptcy.
 

 Section 14f of the Bankruptcy Act provides that:
 

 “An order of discharge shall—
 

 (1) declare that any judgment theretofore or thereafter obtained in any other court is null and void as a determination of the personal liability of the bankrupt with respect to any of the following: (a) debts not excepted from the discharge under subdivision (a) of section 35 of this title; (b) debts discharged under paragraph (2) of subdivision (c) of section 35 of this title; and (c) debts determined to be discharged under paragraph (3) of subdivision (c) of section 35 of this title; and (2) enjoin all creditors whose debts are discharged from thereafter instituting or continuing any action or employing any process to collect such debts as personal liabilities of the bankrupt.”
 

 11 U.S.C. § 32(f) (1976),
 
 repealed by
 
 Bankruptcy Reform Act of 1978, Pub.L. 95-598 § 401(a), 92 Stat. 2682.
 
 [3]
 
 This provision was added to the Bankruptcy Act in 1970 “to prevent creditors from instituting state court actions in the hope that the bankrupt would ignore the proceedings based on a misplaced reliance on the discharge or due to lack of funds to defend.”
 
 Wood v. Fied-ler,
 
 548 F.2d 216, 219 (8th Cir.1977).
 

 “[Creditors received default judgments against discharged debtors because the debtors mistakenly relied upon their discharge and thought they did not have to act, because they did not know what they should do, because they could not afford another lawyer to represent them in state
 
 *116
 
 court after hiring one to represent them in bankruptcy court, or because service was never had on the debtor but was fraudulently signed and returned (dubbed ‘sewer service’).”
 

 Ryan v. Ohio Edison Co.,
 
 611 F.2d 1170, 1173-74 (6th Cir.1979). The purpose of the legislation was to end harassment of discharged debtors by prohibiting creditors from using the state courts to attempt to collect discharged debts.
 
 Id.
 
 at 1174;
 
 Wood,
 
 548 F.2d at 219. If the state replev-in action by Foremost was such a suit, it was barred by section 14f.
 

 The lawfulness of the replevin suit is material to the tort claims of false imprisonment and abuse of process. Under Oklahoma law, false imprisonment is defined as the unlawful restraint of an individual against his will.
 
 S.H. Kress & Co. v. Bradshaw,
 
 186 Okl. 588, 99 P.2d 508, 511 (1940). The district court in this case recognized the general principle that “an arrest, even for contempt of court, is unlawful if it is based on a void judgment.” Rec., vol. I, at 115.
 
 Cf. Miller v. Stinnett,
 
 257 F.2d 910 (10th Cir.1958) (Plaintiff stated claim for false imprisonment based on arrest and detention under ordinance valid on its face but invalid and inapplicable in fact.). Section 14f(1) of the Bankruptcy Act specifically provides that any judgment rendered subsequent to an order of discharge is “null and void as a determination of the personal liability of the bankrupt.” Thus, if the contempt citation and arrest were an attempt by Foremost to collect a void money judgment, Mr. Houghton has a cause of action for false imprisonment.
 
 [4]
 
 Foremost’s disputed motive in the state court proceedings is material to this claim, and the summary judgment against Mr. Houghton on the false imprisonment issue must be reversed. Since Mrs. Houghton was not arrested, however, summary judgment against her on this issue was appropriate.
 

 Oklahoma also recognizes a cause of action arising from abuse of process.
 
 See Neil v. Pennsylvania Life Insurance Co.,
 
 474 P.2d 961, 965 (Okl.1970). Abuse of process occurs when legal process is used for an improper purpose, to accomplish an end not lawfully obtainable, or to compel someone to do some collateral thing he could not legally be compelled to do.
 
 Id.;
 
 W. Prosser, Law of Torts § 121 (4th ed. 1971). The elements of this tort are generally articulated as an illegal or improper use of the process for an ulterior or improper purpose with resulting damage to the plaintiff. Prosser,
 
 supra; see also Tappen v. Ager,
 
 599 F.2d 376, 379-80 (10th Cir.1979). Because a dispute exists as to whether Foremost instituted the replevin for the unlawful purpose of collecting a discharged debt, summary judgment against Mr. Houghton was improper on the abuse of process claim. Only William Houghton was discharged in bankruptcy, however. Accordingly, Mrs. Houghton has no abuse of process claim and the summary judgment against her was proper.
 

 The Houghtons’ third claim is for malicious prosecution. Under Oklahoma law, the elements of this cause of action are “(1) the bringing of the original action by the defendant; (2)
 
 its successful termination in plaintiffs favor;
 
 (3) want of probable cause to join the plaintiff; (4) malice; and (5) damages.”
 
 Young
 
 v.
 
 First State Bank,
 
 628 P.2d 707, 709 (Okl.1981) (emphasis added). The district court based its grant of summary judgment on the undisputed fact that the underlying state court action has not been terminated in the Houghtons’ favor. Given the Houghtons’ failure to establish this essential element,
 
 *117
 
 summary judgment on this claim was correctly granted.
 

 The judgment against Mr. Houghton on the false imprisonment and abuse of process claims is reversed. The judgment against Mr. Houghton on the malicious prosecution claim and against Mrs. Houghton on all claims is affirmed. The case is remanded to the district court for further proceedings.
 

 [1]
 

 . The mobile home was destroyed by fire sometime in 1980, after standing vacant for over a year.
 

 [2]
 

 . The state statute provides:
 

 “In an action to recover the possession of personal property, judgment for the plaintiff may be for the possession, or for the recovery of possession, or the value thereof in case a delivery cannot be had, and of damages for the detention.... The judgment rendered in favor of the prevailing party in such action may include a reasonable attorney fee to be set by the court, to be taxed and collected as costs.”
 

 Okla. Stat. tit. 12, § 1580 (1981).
 

 In its replevin petition, Foremost sought “judgment against defendants for possession of the personal property hereinabove described, or if the same cannot be found, its reasonable value....” Rec., vol. I at 34. The journal entry of judgment in the replevin action provides that
 

 “plaintiff [Foremost] have and recover of and from defendant [the Houghtons], judgment for the immediate possession of the personal property hereinabove described, or if the same may not be had, for reasonable value which is found to be $2000.00, together with $350.00 attorneys’ fees, accrued costs in the sum of $66.00 and all accruing costs.”
 

 Id.
 
 at 42-43.
 

 As support for its assertion that it was only seeking replevin, Foremost points out that it did not move for and receive a money judgment in state court after showing that delivery could not be had. However, the judgment on its face provides an alternative money judgment if delivery is impossible, as it was in this case. Our perusal of the Oklahoma statutes and case law reveals no procedure or requirement under which the prevailing party must return to court and obtain a second judgment if delivery cannot be obtained. Indeed it appears that, under Oklahoma law, when an alternative judgment has been rendered in a replevin action, upon the losing party’s failure to make delivery he becomes liable on the alternative judgment for value.
 
 See Brook v. Cullimore,
 
 436 P.2d 32, 34 (Okl.1967);
 
 Hyre v. Pratt,
 
 382 P.2d 18, 22 (Okl.1963);
 
 Wortham v. Mathews,
 
 207 Okl. 466, 250 P.2d 428 (1952). However, since we are remanding this case for further proceedings, the district court may wish to consider additional argument and authorities on this issue should the parties submit them.
 

 [3]
 

 . The Bankruptcy Act was repealed effective October 1, 1979.
 
 See
 
 Bankruptcy Reform Act of 1978, Pub.L. 95-598, § 401(a), 92 Stat. 2682. However, “[a] case commenced under the Bankruptcy Act, and all matters and proceedings in or relating to any such case, shall be conducted and determined under such Act.”
 
 Id.
 
 at § 403(a), 92 Stat. 2683.
 

 [4]
 

 . The Houghtons also contend that the state court judgment is void because they were not properly served with summons. However, in a collateral attack on a judgment for lack of jurisdiction, the “judgment is not void in the legal sense for want of jurisdiction unless the lack of jurisdiction appears in the record.”
 
 Barton v. Alpine Investments, Inc.,
 
 596 P.2d 532, 534 (Okl.1979), ce
 
 rt. denied,
 
 444 U.S. 1031, 100 S.Ct. 701, 62 L.Ed.2d 667 (1980). The record in this case reflects that notice was properly served on a family member over fifteen years of age.
 
 See
 
 Okla. Stat. tit. 12, § 169 (1981). Accordingly, we reject the Houghtons’ argument on this issue.