**In re WISCONSIN BARGE LINE, INC., et al, Debtors.**

**WISCONSIN BARGE LINE, INC., et al, Plaintiffs,**

**v.**

**INSURANCE COMPANY OF NORTH AMERICA, et al, Defendants.**

Bankruptcy No. 86–00016(SE).
Adv. No. 86–0017(SE).

United States Bankruptcy Court,
E.D. Missouri,
Southeastern Division.

May 29, 1986.

Gregory D. Willard, Carl J. Spector, St. Louis, Mo., for debtors.

Barry S. Schermer, Clayton, Mo., for Creditors' Committee.

Janet L. Reed, James M. Lawniczak, Elkhart, Ind., Randall Martin, St. Louis, Mo., for INA.

## MEMORANDUM OPINION

DAVID P. McDONALD, Bankruptcy Judge.

## INTRODUCTION

Article 5 of the Uniform Commercial Code concerning letters of credit provides that under limited circumstances the customer may enjoin the issuer of a letter of credit from honoring a draft or demand for payment presented to it by the beneficiary. In the instant case, the customer, a debtor under Chapter 11, and its creditors' committee, are seeking such an injunction from this Court. For the reasons stated below, the Court will *not* grant the injunction.

## PROCEDURAL HISTORY

On January 13, 1986, Wisconsin Barge Line, Inc. ("Wisconsin") and CLC of America, Inc. ("CLC") (collectively "Debtors") filed their Chapter 11 petitions in this Court. On March 7, 1986, Debtors and The Official Unsecured Creditors' Committee filed the above captioned Complaint in which they prayed for an order from this Court temporarily, preliminarily, and permanently enjoining Defendant Insurance Company of North America ("INA") from negotiating or presenting any draft or demand for payment under a certain Letter of Credit No. 5149 issued to INA by Defendant First National Bank, Elkhart, Indiana ("Bank") and further so enjoining Defendant Bank from paying any draft or demand for payment presented to it under the said Letter of Credit. On March 10, 1986, the Court granted Plaintiffs a temporary restraining order, which order has been continued in effect until May 28, 1986. On May 15, 1986, INA filed a motion to dismiss Plaintiffs' Complaint and vacate the temporary restraining order granted by the Court on March 10, 1986. The Bank has not appeared in this matter. On May 23, 1986, the Court held a hearing on the matter to consider whether it should grant the preliminary injunctive relief prayed for by Plaintiffs. At that time INA renewed its motion to dismiss and Plaintiffs sought leave to amend their Complaint. At the hearing the Court denied INA's motion to dismiss, but advised the parties that it would reconsider INA's motion after hearing the evidence and reviewing the law. The Court also denied Plaintiffs leave to amend their Complaint, as not being timely. Both Plaintiffs and INA fully briefed this matter.

Having considered the evidence, the arguments and briefs of counsel, and all matters of record, the Court has concluded that the Complaint concerns issues governed solely by state law, and that, accordingly, cause for abstention exists under 28 U.S.C. § 1334(c)(1).

## FACTUAL BACKGROUND

Wisconsin procured marine insurance policies from INA for the calendar years 1983, 1984 and 1985. These policies required Wisconsin to pay an initial premium at policy inception and thereafter, an additional retrospective premium depending on the amount of claims INA paid out. In no event was the retrospective premium to be more than a stated maximum.

The 1985 policy had an initial premium of $504,000.00 and a maximum retrospective premium of $696,000.00. Before it issued the policy, however, INA demanded security. Wisconsin acceded to the demand and established an irrevocable Letter of Credit at the Bank in the amount of $696,000.00. The Letter of Credit expires at the offices of the Bank on June 1, 1986. Morgan Drive Away, Inc. ("Morgan"), a wholly owned subsidiary of Debtor CLC, and an entity which is *not* in bankruptcy, guaranteed all of Wisconsin's obligations to the Bank as part of the Letter of Credit transaction.

Wisconsin and INA disagree regarding the conditions under which INA may properly draw on this Letter of Credit. Wisconsin asserts INA may not draw on the Letter of Credit before July 1, 1986 and only then for retrospective premiums due on the 1985 policy. INA denies this and asserts that it may immediately draw on the Letter of Credit to pay Wisconsin's obligations under any of the policies for 1983, 1984 or 1985. Wisconsin asserts that no payment for retrospective premiums is due until July 1, 1986; and that, consequently, any draw by INA at this time would be fraudulent. INA, on the other hand, maintains that retrospective premiums are due now and that drawing on the Letter of Credit is proper at this time. Indeed, it was INA's intention to exhaust the Letter of Credit that brought about this Complaint for injunctive relief. Given the basis for the Court's decision, however, the Court need not and will not determine these questions of fact.

## DISCUSSION

INA denies that this Court has jurisdiction to determine this matter. Even in the absence of an objection, however, this Court would have a duty to examine whether it has jurisdiction.

That examination must begin with 28 U.S.C. §§ 1334 and 157. Section 1334 confers jurisdiction of bankruptcy cases and proceedings on the district court. Section 157 empowers a district court to refer cases and proceedings to bankruptcy judges. Under Local Rule 29 of the United States District Court for the Eastern District of Missouri, this matter has been referred to the undersigned bankruptcy judge.

■ INA asserts that the Court lacks jurisdiction because the Complaint does not involve property of the estate. It is true that 28 U.S.C. § 1334(d) provides that "the district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction of all of the property, wherever located, of the debtor as of the commencement of such case, and of the estate." It is also true that the instant Letter of Credit and its proceeds are *not* property of this estate. This is because when and if the Bank honors INA's draft, it will do so from its own assets and *not* those of Wisconsin. See, e.g., *In re Illinois-California Express, Inc.*, 50 B.R. 232, 239–240 (Bankr.D.Colo.1985) (citing cases). Since the Court has no jurisdiction over this property, the Court lacks the power to enjoin either INA or the Bank under 28 U.S.C. § 1334(d). It does not follow, however, that the Court does not have jurisdiction to issue an injunction under some other subsection of the statute.

Under 11 U.S.C. § 1334(b), the district court has jurisdiction "of all civil proceedings arising under title 11, or arising in or related to cases under title 11." Notwithstanding the fact that the Letter of Credit does not constitute property of the estate, Plaintiffs' cause of action may be subsumed under one of the categories provided in this subsection. Therefore, each category will be examined in turn.

■ "When a cause of action is one which either is created by Title 11 or which is concerned with what are called 'matters concerning the administration of the estate' in 28 U.S.C. § 157(b)(2)(A), in the sense that no adverse third party is involved (e.g., a dispute between the debtor and the trustee regarding a claim to exemptions), then that civil proceeding is one 'arising under title 11.'" *Collier on Bankruptcy* ¶ 3.01 at 3–22 (15th Ed.1986). But an action to en-

join payment under a letter of credit is one founded solely on state law, specifically, Section 5–114 of the Uniform Commercial Code. It is not created by Title 11 and does not concern administration of the estate in the sense noted above. It, therefore, does *not* arise under Title 11.

"The meaning of 'arising in' proceedings is not as clear.... This class of civil proceeding may act as the residual category of civil proceedings, including those which do not arise under title 11, and those which are not related to title 11 cases. 'Arising in' proceedings would encompass such things as administrative matters, 'counterclaims by the estate against persons filing claims against the estate,' 'orders to turn over property of the estate,' and 'determinations of the validity, extent, or priority of liens.' 'Arising in' proceedings might also include contempt matters, motions to change the composition of a creditors' committee under section 1102, and motions to appoint trustees and examiners under section 1104.

The term 'administrative matters,' used above, may constitute the principal constituent of 'arising in' jurisdiction. This category is illustrated by such things as allowance and disallowance of claims, orders in respect to obtaining credit, determining the dischargeability of debts, discharges, confirmation of plans, orders permitting the assumption or rejection of contracts, and like matters. In none of these instances is there a 'cause of action' created by statute, nor could any of the matters illustrated have been the subject of a lawsuit absent the filing of a bankruptcy case. Since they are not 'related' proceedings, and do not 'arise under title 11,' they must perforce 'arise in' the title 11 proceeding" 1 *Collier on Bankruptcy* ¶ 3.01 at 27–28 (15th Ed.1986).

■ Plaintiffs assert that their cause of action is one arising in a case under title 11, and, that, therefore this Court has jurisdiction to decide it. Specifically, Plaintiffs assert that this case does concern an administrative matter, the reorganization plans of CLC and Wisconsin, and the debtor-creditor relationship in general. As such, Plaintiffs argue, this proceeding not only arises in a title 11 case, but is, in fact, a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (O) which may be heard and finally determined by the undersigned bankruptcy judge. The Court does not agree.

In the case of *Northern Pipeline Construction Co. v. Marathon Pipeline Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), the Supreme Court held that judges not appointed under Article III could not constitutionally hear and determine state law causes of action such as breach of contract and warranty. In response to that holding, Congress passed and the President signed the Bankruptcy Amendments and Federal Judgeship Act of 1984, P.L. 98–353 ("the Amendments"), which permits a bankruptcy judge to hear and finally determine certain "core proceedings". As in *Marathon*, Plaintiffs' cause of action is one founded solely on state law. Therefore, were this Court to hold Plaintiffs' cause of action to be a core proceeding arising in a case under title 11, it would not only disregard the clear holding of *Marathon*, but would construe the Amendments in a way which renders them unconstitutional. This the Court will not do.

■ Finally, the Court may have jurisdiction of Plaintiffs' cause of action by reason of its being related to Debtors' Title 11 case.

"The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether *the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy....* An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *In re Bobroff,* 766 F.2d 797, 802

44

(3d Cir.1985) (quoting *Pacor v. Higgins,* 743 F.2d 984, 994 (3d Cir.1984).

This test is broad enough to include Plaintiffs' cause of action. Although the customer who engages a bank to issue a letter of credit has no property rights in that letter of credit, under § 5–114 of the Uniform Commercial Code, the customer nevertheless under limited circumstances does have a right to enjoin the beneficiary from drawing on the letter of credit. Were this Court to reach the merits, the outcome would obviously affect the rights and liabilities of Wisconsin. If the Court were to grant the injunction, INA's only recourse on Wisconsin's obligations to it under the 1983, 1984 and 1985 policies (all prepetition liabilities) would be to file a claim in the case. On the other hand, by not granting the injunction, INA may be able to immediately collect in full a large portion of Wisconsin's prepetition debt by drawing on the Letter of Credit. The Court, therefore, concludes that this proceeding is a related matter within the meaning of 28 U.S.C. § 1334(b).

■ Although the Court has jurisdiction and could under 28 U.S.C. § 157(c)(1) submit proposed findings of fact and conclusions of law to the district court, it will not do so. Under 28 U.S.C. § 1334(c)(1), this Court may abstain from hearing a related proceeding "in the interest of comity with State courts or respect for State law ..." As noted, Plaintiffs' cause of action is based solely on state law. The Letter of Credit is not property of this estate. If INA draws on and exhausts the Letter of Credit, the Bank will look not to Wisconsin, but to Morgan for payment on its guarantee. Neither Morgan nor its assets are in bankruptcy, and in fact Morgan is not even a plaintiff in this proceeding. This Court will not give Morgan the benefits of bankruptcy unless it shares the burdens. In the circumstances, abstention is warranted.

An Order consistent with this Opinion was entered on May 28, 1986.