Myra GONZALES, Plaintiff-Appellant,

v.

AM COMMUNITY CREDIT UNION, Defendant-Respondent.

Court of Appeals

*No. 88–1306. Submitted on briefs March 10, 1989.—Decided May 10, 1989.*

(Also reported in 442 N.W.2d 536.)

On behalf of the plaintiff-appellant, the cause was submitted on the brief of *Charles W. Malinsky, Jr.* of Kenosha.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Donald J. Bauhs* of Kenosha.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

BROWN, P.J. Myra Gonzales appeals from a judgment that dismissed her Wisconsin Consumer Act complaint on the grounds that the circuit court lacked subject matter jurisdiction. Gonzales had alleged that AM Community Credit Union (AMC) violated sec. 427.104(1)(j), Stats., when it instituted payroll deductions because AMC knew or ought to have known that the debt upon which the deductions were premised had been discharged in bankruptcy. The circuit court held that the action belonged exclusively within the federal court system because of its connection with the previous bankruptcy action. We reverse. Although a discharge in bankruptcy acts as an injunction against actions to collect the debt, it does not bar state causes of action to vindicate collection abuses nor reserve exclusive jurisdiction of those actions to the federal court.

Our only source of facts is the complaint and answer. These reveal that in July of 1986, Myra Gonza-

les, then known as Myra Donahue, filed a petition for bankruptcy. AMC was named a creditor. In November, Gonzales was granted a discharge of her obligations to AMC. In March of 1987, AMC made payroll deductions from Gonzales' wages and applied the sums towards satisfaction of the discharged obligation.

Section 427.104(1)(j), Stats., prohibits a debt collector from claiming, attempting or threatening to enforce a right with knowledge or reason to know that the right does not exist. Section 753.03, Stats., grants jurisdiction to the circuit courts of this state to resolve all civil and criminal actions and proceedings unless exclusive jurisdiction is given to some other court.

Whether a court has subject matter jurisdiction of a particular action is a question of law. *In re Carlson,* 147 Wis. 2d 630, 635, 433 N.W.2d 635, 637 (Ct. App. 1988). We review such questions without deference to the lower court's determination. *Id.*[1]

AMC's argument that the state courts lack jurisdiction of Gonzales' action is based on 11 U.S.C. sec. 524(a)(2). This section states that a discharge under title 11:

> operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived.

---

[1] AMC states the issue as being one of jurisdiction. Whether or not the issue might otherwise have been framed as one of competency to proceed, the analysis and result would be the same. *See Richards v. Young,* 150 Wis. 2d 549, 550, 557, 441 N.W.2d 742, 742, 745 (1989).

*Id.* AMC asserts that the creation of the injunction was intended as an exclusive remedy for vindicating unlawful collection efforts. Therefore, since only an enjoining court may enforce its own injunction, the instant case cannot be brought in state court.

We reject AMC's initial premise. It is true that discharge of a debt in bankruptcy operates as an injunction. *Id.* The injunction provision was first enacted in 1970 to prevent creditors from instituting state court actions in the hope that the bankrupt would ignore the proceedings. *Houghton v. Foremost Fin. Servs. Corp.,* 724 F.2d 112, 115 (10th Cir. 1983). Prior to 1970, discharge of a debtor in bankruptcy "merely release[d] the debtor of his legal obligation to pay." *Pruellage v. De Seaton Corp.,* 407 S.W.2d 36, 39 (Mo. Ct. App. 1966). The injunction supplements the debtor's release with an enforcement mechanism, but the discharge still releases the bankrupt from any personal liability upon his debts. *See Ruth v. First Fed. Sav. & Loan Ass'n,* 492 N.E.2d 1105, 1109 (Ind. Ct. App. 1986). A debtor is therefore not limited to enforcing an injunction, but may also act to ratify the discharge itself.

Transgressions against 11 U.S.C. sec. 524(a) *may* be vindicated in proceedings for contempt. *In re Rhyne,* 59 B.R. 276, 278 (E.D. Pa. 1986). But the courts do not mandate this as the exclusive remedy. *In re Kaping,* 13 B.R. 621, 622 (D. Or. 1981), expressly states that contempt is but one available remedy.

In *Houghton,* plaintiff (the discharged debtor) brought an action in diversity alleging collection violations following a discharge in bankruptcy. *Houghton,* 724 F.2d at 113, 114. The case was held to be governed by Oklahoma law. *Id.* The causes of action pled included

abuse of process and false imprisonment. *Id.* at 113. Summary judgment on these causes of action was denied to the respondent-creditor. *Id.* at 116. We conclude that state causes of action, such as those contained in the Wisconsin Consumer Act, are available to plaintiffs suffering collection abuses after a discharge in bankruptcy.

Nor does resolution of Gonzales' state law claim involve questions of federal law that are reserved to the federal courts. Whether a debt is dischargeable or was in fact discharged in bankruptcy is governed by 11 U.S.C. sec. 523. The question usually arises in the context of a creditor's collection effort. The general rule is that the proper forum for determining whether a discharge releases a particular debt is the court in which proceedings are later instituted to collect it. *Wilson v. Ripley County Bank,* 462 N.E.2d 263, 267 (Ind. Ct. App. 1984).

The United States Bankruptcy Court for the Eastern District of Wisconsin follows the general rule. *In re Anderson,* 74 B.R. 463 (E.D. Wis. 1987).

> [T]he bankruptcy court does not have exclusive jurisdiction to decide the question of nondischargeability under sec. 523(a)(9)—the state court has concurrent jurisdiction to decide that issue. In addition to determining the extent, if any, to which the debtor is liable, the state court may also decide the question of nondischargeability under sec. 523(a)(9). The general rule is . . . "As to debts excepted from discharge other than those falling within the ambit of section 523[(a)](2), (4), and (6) the bankruptcy court has original but not exclusive jurisdiction; its jurisdiction is concurrent with the appropriate local court."

*Id.* at 464 (quoting 3 *Collier on Bankruptcy,* para. 523.06, at 523–37 (15th ed. 1985)).

AMC has not suggested, in its answer to the complaint or in its briefs to this court, that federal court jurisdiction is exclusive because Gonzales' debt is non-dischargeable in bankruptcy pursuant to 11 U.S.C. sec. 523(a)(2), (4), or (6). Indeed, AMC admits that Gonzales' debt was discharged. Therefore, under the federal statute, the trial court has jurisdiction to determine whether Gonzales remains personally liable to AMC for the debt.

Nor is state court jurisdiction of Gonzales' state law claim precluded by any other federal statute. Title 28 U.S.C. sec. 1334 states in relevant part:

> (a)    Except as provided in subsection (b) of this section, the district court shall have original and exclusive jurisdiction of all cases *under* title 11.
>
> (b)    Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or *arising in* or related to cases under title 11. [Emphasis added.]

In keeping with the rule that discharge of a debt may usually be determined by a state court, the leading bankruptcy authority groups questions surrounding dischargeability with those civil proceedings "arising in" title 11. *See In re Wisconsin Barge Line, Inc.,* 63 B.R. 40, 43 (E.D. Miss. 1986) (quoting 1 *Collier on Bankruptcy* para. 3.01, at 3–27 to 3–28 (15th ed. 1986). Since proceedings "arising in" title 11 are not within the exclusive province of the federal courts, and since (with the three exceptions not applicable here) discharge questions are not reserved to the jurisdiction of the bankruptcy

courts, state courts may exercise jurisdiction in proceedings regarding the discharge of debts.

Therefore, this case is very different from *Gonzales v. Parks,* 830 F.2d 1033 (9th Cir. 1987), on which AMC relies. *Parks* is a case "under" title 11. In that case, the court stated that "it is for Congress and the federal courts, not the state courts, to decide what incentives and penalties are appropriate for use in connection with the bankruptcy process and when those incentives or penalties shall be utilized." *Id.* at 1036. This statement must be read in its context: a discussion of whether a state court may hear a claim that the filing of a bankruptcy petition constitutes abuse of process. *Id.* at 1035.

The *Parks* court noted that bankruptcy filings are a matter of exclusive federal jurisdiction. *Id.* Filings are claims for relief under federal law and they constitute cases under title 11, over which the federal courts have exclusive jurisdiction. *Id.* at 1035 & n. 6. A grant of exclusive jurisdiction includes the implied power to protect that grant. *Id.* at 1036.

While the underlying federal question in *Parks* was the validity of the bankruptcy filing, the underlying question in this case is the validity of the wage deduction. Since filings are exclusively within the province of the federal courts, attacks on filings must be mounted in the federal courts. But determining whether personal liability remains after discharge is not a question reserved to the federal courts. Therefore, *Parks* is inapplicable here.[2]

---

[2] AMC also cites *Howard v. Tipton,* 26 B.R. 777, 780 (S.D. Ohio 1982), for the proposition that post-discharge remedies are within the exclusive province of the federal court. We note, however, that the *Howard* court prefaced its entire discussion of post-discharge remedies by stating that the issue was not ripe for

■
State causes of action are available to provide compensation to a discharged debtor who faces collection efforts by a creditor. Further, the underlying question of whether the debt was in fact discharged is one which the state courts may decide. We conclude that these principles govern the instant case. Clearly, the courts of this state usually have jurisdiction over causes of action created by the Wisconsin legislature. The only federal question that the trial court here must determine is whether the debt was discharged; this a state court may decide. Therefore, we hold that Wisconsin courts have jurisdiction where a debtor brings a case under the Wisconsin Consumer Act seeking vindication for a creditor's action on a discharged debt.[3]

■
As a second ground for affirmance, AMC argues that the trial court properly abstained from exercising jurisdiction on policy grounds. *See Jones v. Jones,* 54 Wis. 2d 41, 46, 194 N.W.2d 627, 630 (1972) (holding that a court may abstain from exercising jurisdiction when there are sufficient policy reasons for doing so). This does not comport with our reading of the trial court's decision. The court stated:

> For this court to entertain jurisdiction of this matter, even if it had the consent of the parties, would cause a departure from an orderly differentiation of the rules of the federal and state systems in regard to

decision. *Id.* Therefore the court's remarks on the subject are dicta on which we have not relied.

[3] While the court's reasoning is unclear, the same result was reached in *Brown v. National City Bank,* 457 N.E.2d 957 (Cleveland, Ohio Mun. Ct. 1983). That case holds that the state courts have jurisdiction to determine whether a creditor's action on a discharged debt violates federal law. *Id.* at 960.

bankruptcy. The plaintiff would have this court enter the realm of the federal bankruptcy court where this court has neither authority, nor the inclination to enter. Until there is a ruling from the bankruptcy court in regard to a separation of the causes of action that are setout [sic] in the complaint, this court will consider the causes joined for all purposes and the only jurisdiction to hear them is in the federal system.

The trial court thus held that "the only jurisdiction" lay in the federal system.

Even if the court's statements regarding orderly differentiation of the rules of federal and state systems, and regarding its own inclinations, could be construed as policy reasons for abstention, we are persuaded that they are inadequate grounds for declining jurisdiction. State courts can and do apply federal law. *Terry v. Kolski*, 78 Wis. 2d 475, 483-84, 254 N.W.2d 704, 706-07 (1977).

Further, abstention seems particularly inappropriate in this case. The only issue that here concerns the debtor's previous bankruptcy is whether the debt on which later garnishment was premised had earlier been discharged. AMC admitted discharge in its answer. Therefore, the issues in this case appear to be entirely those created by state law: specifically, whether AMC violated the prohibitions contained in sec. 427.014(1)(j), Stats. Such issues are peculiarly within the state court's expertise. We see no policy reasons for declining jurisdiction of this case.

As the above discussion resolves the appeal, we do not address Gonzales' alternative ground for relief.

*By the Court.*—Judgment reversed and cause remanded.